**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy Wade LANDRUM,**
**Defendant–Appellant.**

**No. 00–5032.**

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

*ORDER*

Timothy Wade Landrum, proceeding through counsel, appeals the sentence imposed following his conviction for bank robbery in violation of 18 U.S.C. § 2113(a).

The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 15, 1999, a grand jury indicted Landrum on one count of bank robbery for stealing $3,965.00 from the Southern Security Federal Credit Union in Memphis, Tennessee. He pleaded guilty on October 4, 1999, pursuant to a written plea agreement in which the government agreed to recommend a reduction in Landrum's offense level for acceptance of responsibility. At the sentencing hearing, the district court accepted the government's recommendation and granted a two-level reduction under USSG § 3E1.1(a) for acceptance of responsibility, but also imposed a two-level increase under USSG § 2B3.1(b)(2)(F) for making a death threat during the robbery. The district court thereafter sentenced Landrum to 88 months of incarceration, 3 years of supervised release, a special assessment of $100.00, and restitution in the amount of $416.07.

In his timely appeal, Landrum argues that the district court erred by not granting a higher reduction for acceptance of responsibility and by imposing an increase for making a death threat.

■ This court reviews the application of the United States Sentencing Guidelines de novo. *See United States v. Hicks,* 4 F.3d 1358, 1361 (6th Cir.1993); *United States v. Sanchez,* 928 F.2d 1450, 1458 (6th Cir.1991). A sentencing court's factual findings must be upheld unless clearly erroneous. *See United States v. Watkins,* 994 F.2d 1192, 1195 (6th Cir. 1993).

■ Upon review, we conclude that the district court properly declined to give Landrum an additional one-level decrease

for acceptance of responsibility under USSG § 3E1.1(b). Landrum neither timely provided complete information to the government, nor timely notified authorities of his intent to plead guilty. *See United States v. Jeter*, 191 F.3d 637, 639 (6th Cir.1999). He retracted his initial statement to police in which he took full responsibility for the robbery and thereafter claimed to be under duress because of a drug debt. The district court did not find this credible. Furthermore, due to Landrum's delay in accepting responsibility, the government engaged in substantial trial preparation and the district court was forced to inefficiently expend its resources by holding two change of plea hearings. *See id.*

■ The district court also properly imposed a two-level increase under USSG § 2B3.1(b)(2)(F) for making a death threat during the robbery. Landrum told the teller that he had a bomb and he presented her with a handwritten note which read, "Attention, I'm carrying 10 pounds of explosives in this bag. Give me all your money in your drawer or we all *DIE.* Don't mess up!!! *NO DYE PACKS!!! DON'T TOUCH The ALARM.*" [Sic]. Although Landrum did apologize to the teller and claim that his family was in danger, his conduct nonetheless would have caused a reasonable person to fear death. *See* USSG § 2B3.1(b)(2)(F), comment. (n.6).

Accordingly, the district court's judgment is affirmed.