RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0240P (6th Cir.)
File Name: 02a0240p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
　　　　*Plaintiff-Appellee,*

　　　　*v.*　　　　　　　　　　Nos. 01-1266/1294

MICHAEL DEWAYNE
WINBUSH,
　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
Nos. 99-50052; 00-50061—Paul V. Gadola, District Judge.

Argued: May 24, 2002

Decided and Filed: July 17, 2002

Before: KRUPANSKY and BOGGS, Circuit Judges;
HOOD, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Kenneth R. Sasse, FEDERAL DEFENDER'S
OFFICE, Flint, Michigan, for Appellant. Nancy A. Abraham,

---

[*] The Honorable Joseph M. Hood, United States District Judge for the
Eastern District of Kentucky, sitting by designation.

1

ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Appellee. **ON BRIEF:** Kenneth R. Sasse, FEDERAL DEFENDER'S OFFICE, Flint, Michigan, for Appellant. Nancy A. Abraham, ASSISTANT UNITED STATES ATTORNEY, Flint, Michigan, for Appellee.

————————————

## OPINION

————————————

JOSEPH M. HOOD, District Judge. Defendant appeals his sentence following the district court's denial of his objection to the two-level enhancement for offense conduct amounting to a threat of death. For the reasons that follow, we **AFFIRM**.

### STATEMENT OF FACTS

Defendant pleaded guilty to robbing two banks in violation of 18 U.S.C. § 2113(a). During each robbery, defendant presented a note to the teller which read "THIS IS A HOLD-UP I HAVE A GUN 100's 50's and 20's." Defendant did not exhibit a gun or make any oral statements during either bank robbery. Notwithstanding defendant's objection, the district court enhanced defendant's sentence by two levels pursuant to U.S.S.G. § 2B3.1(b)(2)(F), finding the statement quoted above constituted a threat of death.

### DISCUSSION

Whether these facts warrant a sentence enhancement pursuant to § 2B3.1(b)(2)(F) is a legal conclusion subject to de novo review. *United States v. Alexander*, 88 F.3d 427, 428 (6th Cir. 1996).

In *Alexander*, the Sixth Circuit held that language similar to that used by defendant in his demand notes in this case would not constitute an "express threat of death" under the 1994 version of § 2B3.1(b)(2)(F), holding that to be "'express', a defendant's statement must distinctly and directly

indicate that the defendant intends to kill or otherwise cause the death of the victim." *Id.* at 431. Although defendant concedes that the 1997 amendment deleted the requirement that there be an "express" threat of death, *see United States v. Clark*, No. 00-6428, slip opinion at 6 (6th Cir. June 20, 2002); *United States v. Carbaugh,* 141 F.3d 791, 793 (7th Cir.), *cert. denied*, 525 U.S. 977 (1998), he urges the court to find that merely advising the victim that one is armed, unaccompanied by any words, actions, or gestures of a threatening nature is insufficient to establish a "threat of death," pointing to U.S.S.G. § 2B3.1, Application Note 6.

The Sixth Circuit recently addressed the issue using the newer version § 2B3.1(b)(2)(F) in *United States v. Clark*, No. 00-6428 (6th Cir. June 20, 2002). In *Clark*, the Court held that "a note stating 'I have a gun. Do what you are told and you wont [sic] get hurt,' unaccompanied by any gestures or display of a weapon would instill in a reasonable person a fear of death" and, thus, would warrant the enhancement under § 2B3.1(b)(2)(F). *Id.*, slip opinion at 7. Although the notes used here don't contain the admonition contained in the one used in *Clark*, other circuits have held that notes similar to the ones at issue here did constitute a "threat of death." *See, e.g., Carbaugh,* 141 F.3d at 794 (holding that the phrase "I have a gun" constitutes a threat of death under § 2B3.1(b)(2)(F)); *United States v. Figueroa*, 105 F.3d 874, 880 (3d Cir. 1997)(same). We join with these circuits in holding that a robber's note saying "I have a gun" constitutes a threat of death under § 2B3.1(b)(2)(F), warranting a two-level enhancement. Such language would instill in any reasonable bank teller a belief that a failure to comply with the robber's instructions would result in being fatally shot.

### CONCLUSION

Upon de novo review, we conclude that the district court did not err in awarding the two-level enhancement and, therefore, **AFFIRM.**