**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronnie Clayton WILLIS, Jr.,
Defendant–Appellant.**

No. 01–6513.

United States Court of Appeals,
Sixth Circuit.

Oct. 8, 2002.

Before KENNEDY and MOORE,
Circuit Judges; DOWD, District Judge.*

*ORDER*

This is a direct appeal from a judgment of conviction in a criminal prosecution in which the only issue raised goes to the application of the sentencing guidelines. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Ronnie Willis pleaded guilty to, and was adjudged guilty of, attempted bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2. The district court sentenced Willis to a fifty-seven month term of imprisonment to be followed by a three year period of supervised release.

The only issue for appellate review is whether the district court erred in increasing Willis's base offense level for having made a death threat during the course of his attempted bank robbery. Where this court is asked to pass upon the propriety of the application of the guidelines to uncontested facts, as in the case at bar, the district court's decision is reviewed de novo. *United States v. Alexander,* 88 F.3d 427, 428 (6th Cir.1996). A de novo review of the record and law, in light of recent Sixth Circuit decisions, supports the judgment on appeal.

On July 2, 2001, Willis entered the SunTrust Bank, Lenoir City, Tennessee, a

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Federal Deposit Insurance Corporation institution, and handed a teller a note on which Willis had written the following: "There is a gun pointed at your head. Put the money in the bag. 20 minutes after I'm gone the guy with the gun will also leave. Try anything funny, you will be shot." The teller was unconvinced by the note and apparently refused to cooperate. Willis then fled the bank in a car driven by a friend, the make and license number of which were noted by several bank employees. Willis was later apprehended and charged with conspiracy to rob an FDIC institution and attempted bank robbery. Willis agreed to plead guilty to the attempted bank robbery, the district court accepted the plea, and the matter was set over pending preparation of a pre-sentence report by the probation department.

The probation officer recommended, in the body of the pre-sentence report, that Willis's base offense level should be increased by two levels pursuant to USSG § 2B3.1(b)(2)(F) because of Willis's use of an express threat of death in his attempt to rob the bank. Counsel for Willis objected to this recommended enhancement on the ground that the teller was never in actual fear for her life. The district court heard arguments from counsel at sentencing and found the proposed enhancement proper. On appeal, counsel for Willis raises one assignment of error, namely, that the district court erred in applying the "threat of death" enhancement when the teller was obviously not in any fear for her life.

The assigned error lacks merit. Section 2B3.1(b)(2)(F) of the sentencing guidelines directs that the base offense level for a defendant convicted of robbery is to be increased by two levels if the perpetrator made a threat of death. In the case at bar, Willis presented the bank teller with a written demand for money. The demand also gave notice that Willis had an accomplice, that the accomplice was pointing a gun at the teller's head, and that, should she "try anything funny," the accomplice would shoot the teller. A panel of this court recently, and expressly, held that a demand note presented to a bank teller reading "I have a gun. Do what you are told and you wont [sic] get hurt," even if "unaccompanied by any gestures or display of a weapon, would instill in a reasonable person a fear of death" warranting an enhancement under § 2B3.1(b)(2)(F). *United States v. Clark,* 294 F.3d 791, 795 (6th Cir.2002). The subjective belief or reaction of the teller to the demand note has no relevance to this analysis. The district court's decision in this regard was plainly correct.

Accordingly, the district court's judgment is affirmed.