United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2003**

Charles R. Fulbruge III
Clerk

Revised July 1, 2003

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20384
Summary Calendar
_____

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

                        versus

JIMMY O. SOTO-MARTINEZ,

        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

    This appeal presents the issue whether a defendant's statement that "I have a gun" during the commission of a bank robbery constitutes a "threat of death," thus warranting a two-level increase in the offense level pursuant to U.S. Sentencing Guideline § 2B3.1(b)(2)(F). We have not addressed this issue since the amendment of the guideline in November 1997 removed a requirement that the threat of death be "express." We now conclude that such a statement may qualify as a "threat of death" and affirm the sentence imposed by the district court.

Jimmy O. Soto-Martinez ("Soto") approached a bank teller with a note that read: "I have a gun.  I just want money.  Start with the $100.00.  Stay Quiet!!!"  When the teller replied that she did not have any $100 bills, Soto told her to pass the note to the other tellers.  After a second teller read the note, Soto stated, "I want all your money."  The second teller provided money, and Soto then told a third teller to "hurry up" with her money.  When Soto left the bank, he also left behind the demand note that eventually led to his arrest.  Soto was charged by information with bank robbery.[1]  He waived indictment and pleaded guilty without a plea agreement.

The presentence report ("PSR") recommended a two-level increase in Soto's offense level pursuant to guideline § 2B3.1(b)(2)(F) because the demand note stated that Soto had a gun, which the PSR explained "would instill a fear of death in a reasonable person."  The district court overruled Soto's objection to the increase, finding that his actions, coupled with the teller's decision to "compl[y] with him after he told her that he had a gun," indicated that "there was a threat of death being made by this defendant during the time of this robbery."  The district court adopted the PSR and sentenced Soto to fifty-one months' imprisonment.

---

[1] 18 U.S.C. § 2113(a).

This court reviews an application of the Sentencing Guidelines *de novo* and reviews factual findings for clear error.[2] Because the facts of the robbery are undisputed, we review the application of the two-level increase under § 2B3.1(b)(2)(F) *de novo*.[3] Section 2B3.1(b)(2)(F) provides that "if a threat of death was made" during the course of a robbery, the offense level is increased by two levels.[4] A "threat of death" may be "an oral or written statement, act, gesture, or combination thereof."[5] The commentary gives various examples of threats of death, including "Give me the money or I will kill you," "Give me the money or I will shoot you," and "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)."[6] The commentary also states that the intent of § 2B3.1(b)(2)(F) is to provide "an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death."[7]

---

[2] *United States v. Guerrero*, 169 F.3d 933, 946 (5th Cir. 1999).

[3] *United States v. Gonzales*, 40 F.3d 735, 740 n.14 (5th Cir. 1994) (applying *de novo* review to the district court's application of the guidelines to the undisputed fact that the defendant pointed a gun).

[4] U.S. SENTENCING GUIDELINES MANUAL § 2B3.1(b)(2)(F) (2001).

[5] *Id.* cmt. n.6.

[6] *Id.*

[7] *Id.*

Soto's note simply stated that he had a gun; he did not make an express threat of death, and there is no indication that his actions otherwise implied the actual presence of a gun. However, when considered together, Soto's statements in the note that "I have a gun" and "I just want money" are similar to the example in the guideline commentary, "Give me the money or I will shoot you." The only difference is that Soto's note required a slight inferential step: that if he were not provided with the money, he would use the gun he claimed to have.[8] Such an inference is entirely reasonable, particularly amid the stress and tension of a bank robbery. We conclude that a reasonable person, when presented with a note demanding money and stating that the robber has a gun, normally and reasonably would fear that his or her life was in danger, and therefore the enhancement was not erroneous.[9]

---

[8] *See United States v. Jennette*, 295 F.3d 290, 292 (2d Cir. 2002) ("Jennette's statements to the teller – to give him the money and that he had a gun – are equivalent to the Guideline's model statement "Give me the money or I will shoot you." The only difference between the two statements is that Jennette's statements required the teller to draw a single inference – that is, that Jennette was willing to use the gun that he claimed to have, if the teller did not comply with Jennette's demand. This is a very small inferential step for a teller to make, particularly during the confusion and understandable anxiety of a robbery.").

[9] This conclusion is consistent with the decisions of a majority of the other circuits that have considered this question. *See, e.g.*, *United States v. Murphy*, 306 F.3d 1087, 1088-90 (11th Cir. 2002) ("We conclude that, under the amended guideline, the written note given to the bank teller that the defendant had a gun constituted a "threat of death" even though no express threat to use the gun was made."); *United States v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002) (holding that "a robber's note saying 'I have a gun' constitutes a threat of death under § 2B3.1(b)(2)(F)"

AFFIRMED.

---

because "[s]uch language would instill in any reasonable bank teller a belief that a failure to comply with the robber's instructions would result in being fatally shot"); *Jennette*, 295 F.3d at 290-92 ("[W]e conclude that a reasonable teller, when faced with a bank robber who demands money and states that he has a gun, normally and reasonably would fear that his or her life is in danger."); *United States v. Day*, 272 F.3d 216, 218 (3d Cir. 2001) ("Even when § 2B3.1(b)(2)(F) required an 'express' threat of death, we held ... that the exact words 'I have a gun' would suffice to trigger a two-point sentence enhancement.  Day argues, however, that under the amended Guideline, in which the word 'express' has been removed, the same words somehow no longer qualify as a threat of death.  This argument does not make sense.  The deletion of the word 'express' plainly broadened the Guideline rather than narrowed it.  Even if, contrary to [our prior holding], the words 'I have a gun' did not constitute an express threat of death, under the current Guideline language they would still qualify for the enhancement because they are an *implicit* threat of death."); *United States v. Gibson*, 155 F.3d 844, 846-47 (7th Cir. 1998) (reasoning that although every situation in which a defendant announces that he has a gun may not constitute a threat of death, "[w]e think 'a reasonable teller would ordinarily experience a fear of being shot when the robber confronting her announces he has a gun'").

5