**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Shannon A. SORRELL, Defendant-Appellant.**

**No. 02-4151.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.*

*ORDER*

Shannon A. Sorrell pleaded guilty to committing and aiding and abetting the offense of bank robbery. *See* 18 U.S.C. §§ 2 *and* 2113(a). On October 8, 2002, he was sentenced to 188 months of imprisonment and three years of supervised release. In addition, Sorrell was ordered to

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

pay $1,218 in restitution. It is from this judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

■ Sorrell now argues that his total offense level was improperly enhanced by two levels for making a death threat to one of the tellers. We review this claim for plain error because Sorrell did not raise it in the district court. *See United States v. Davis,* 306 F.3d 398, 418 (6th Cir.2002), *cert. denied,* 537 U.S. 1208, 123 S.Ct. 1290, 154 L.Ed.2d 1054 (2003). The court did not commit plain error here because the record indicates that an enhancement was appropriate under USSG § 2B3.1(b)(2)(F), which authorizes a two level increase "if a threat of death was made" during the robbery.

> [T]he defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply. For example, an oral or written demand using words such as "Give me the money or I will kill you" ... or "Give me the money or you are dead" would constitute a threat of death. The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.

USSG § 2B3.1, comment. (n.6) (2001).

Sorrell argues that the enhancement was inappropriate because he did not have a firearm or other visible means with which to carry out a death threat. This argument is unpersuasive in light of the undisputed assertions in the presentence report, which described Sorrell's offense conduct in pertinent part as follows:

> Three tellers (hereafter referred to as tellers one, two, and three) were positioned at their teller windows when Sor-

rell and Hatfield entered the bank. Both men immediately jumped the teller counter and Sorrell grabbed teller one by the arm and threw her to the floor. As teller one was falling, she hit a cabinet and broke her tail bone. Additionally, Sorrell grabbed teller two and pushed her to the floor. As teller two was falling, she hit her head on a cabinet and suffered scrapes on her elbow. Teller three was not physically touched, but Sorrell said to her, "If you don't get out of the way, I am going to kill you."

Under these circumstances, the court did not commit plain error by enhancing Sorrell's offense level under § 2B3.1(b)(2)(F). *See generally United States v. Winbush,* 296 F.3d 442, 443 (6th Cir.2002).

■ Sorrell also argues that the district court erred by failing to set up a payment plan for his restitution. Restitution was mandatory in this case notwithstanding Sorrell's financial situation, as he had been convicted of a crime of violence and an offense against property. *See Davis,* 306 F.3d at 424–25. Nevertheless, the government properly concedes that a remand would be appropriate because the district court did not establish a schedule for making restitution payments or specify the manner in which restitution was to be paid. *See id.* at 425–26.

Accordingly, the district court's judgment is affirmed, and the case is remanded for the limited purpose of clarifying the court's restitution order.