**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10431
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TONY KEITH LADELL, also known as Pretty Tony, also known as PT

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-147-4

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Tony Keith Ladell appeals the sentence imposed following his guilty plea conviction for bank robbery. We AFFIRM.

Ladell's first sentencing issue was not raised until this appeal. Ladell argues that the district court mistakenly applied an enhancement pursuant to Sentencing Guidelines Section 2B3.1(b)(2)(F) for making a threat of death during the robbery. Ladell maintains that the threat made during the robbery did not amount to a threat of death because his co-defendant Anthony Ray Williams

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

threatened only to harm people, not kill them, and because Williams gestured as if he had an unspecified weapon, not a firearm or explosive device.

When a sentencing issue is properly preserved, a "district court's interpretation or application of the Sentencing Guidelines is reviewed de novo, and its factual findings . . . are reviewed for clear error." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (internal quotation marks and citation omitted). Because Ladell did not challenge the application of the enhancement in the district court, we review for plain error only. *See United States v. Price,* 516 F.3d 285, 286-87 (5th Cir. 2008). Ladell must show an error that is obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Ladell's co-defendant Williams handed the teller a note that threatened that people would get hurt or suffer if the teller did not comply with his demands. Williams patted his right front pocket, which was interpreted by the teller to mean that he had a weapon. We find no error, plain or otherwise, in the district court's concluding that the note and gesture would make a reasonable person fear that her life was in danger. *See* U.S.S.G. § 2B3.1 cmt. n.6; *United States v. Soto-Martinez*, 317 F.3d 477, 479 (5th Cir. 2003); *United States v. Smith*, 973 F.2d 1374, 1375, 1377-78 (8th Cir. 1992).

Ladell next argues that the district court committed reversible error by making an upward departure pursuant to Sections 5K2.21 and 4A1.3(a) of the Guidelines. These provisions were used after the court made a factual finding that Ladell participated in an uncharged robbery of a Pizza Hut. Ladell does not challenge the legal basis for the upward departure or its extent. Instead, he argues that there was insufficient evidence to support the district court's determination that he participated in the Pizza Hut robbery. Ladell maintains

that the only evidence that he participated in the robbery was inherently unreliable hearsay statements.

In the presentence report ("PSR"), the probation officer reported that one of Ladell's co-defendants, Jami Annette Ward, stated that Williams told her that Williams, Ladell, and Jessica Stewart robbed a Pizza Hut in May 2007. The probation officer reported that Williams admitted to committing the Pizza Hut robbery with Ladell. Further, Williams stated that Stewart provided the alarm code, a list of employees, and information regarding the best time to rob the Pizza Hut. The probation officer reported that Stewart admitted that she worked at the Pizza Hut and that Stewart stated that Ladell told her in May 2007 that he and Williams had robbed the Pizza Hut. Stewart stated that an employee at a convenience store near the Pizza Hut told her that one of the robbers looked like Ladell. A law enforcement agent confirmed that the Pizza Hut was robbed on May 5, 2007.

Although Williams attempted to minimize his culpability and Stewart denied participating in the robbery, the statements of Ward, Williams, and Stewart were consistent regarding Ladell's participation in the Pizza Hut robbery. The statements of Ward, Williams, and Stewart were also consistent with a law enforcement officer's determination that the Pizza Hut had been robbed in May 2007. Ladell did not present evidence at sentencing showing that the information in the PSR was materially inaccurate or untrue.

We find that it was proper for the district court to rely upon the information in the PSR to find that Ladell participated in the Pizza Hut robbery. *See United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992). Ladell has not shown that the district court's factual finding that he participated in the robbery was clearly erroneous. *See United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009); *Shipley*, 963 F.2d at 59.

For the first time on appeal, Ladell argues that the district court violated Federal Rule of Criminal Procedure 32(i)(3)(B) by not resolving disputed issues

3

of fact regarding the reliability of the hearsay statements of Ward, Williams, and Stewart. Error also is argued in the court's reliance upon the PSR without analyzing the reliability of the evidence supporting its finding. As Ladell did not raise this issue in the district court, we review this issue for plain error only. *See Price,* 516 F.3d at 286-87.

The district court explicitly found that Ladell participated in the Pizza Hut robbery. As the statements of Ward, Williams, and Stewart were the only evidence of Ladell's participation in that robbery, this finding included the implicit determination that those statements were sufficiently reliable to show that Ladell participated. Ladell has not shown that the district court committed error, plain or otherwise, by failing to make sufficient findings regarding disputed issues of fact. *See United States v. Carreon*, 11 F.3d 1225, 1231 & n.14 (5th Cir. 1994); *United States v. Lghodaro*, 967 F.2d 1028, 1030 (5th Cir. 1992).

AFFIRMED.