**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0067n.06

**No. 10-3097**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff - Appellee,** | **FILED**<br>***Jan 19, 2012***<br>LEONARD GREEN, Clerk |
| **v.** | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO** |
| **DERRYL MOORE,** | |
| **Defendant - Appellant.** | |

_____ /

**BEFORE:   MERRITT, CLAY, and SUTTON, Circuit Judges.**

**CLAY, Circuit Judge.**  On May 27, 2009, a federal grand jury indicted Defendant Derryl Moore on one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Moore pleaded guilty, without a plea agreement.  He now appeals his 151-month sentence.  For the reasons set forth below, we **AFFIRM**.

**BACKGROUND**

At sentencing, the district court relied on a presentence report to determine Moore's sentencing range under the United States Sentencing Guidelines (the "Guidelines" or "USSG").  Consistent with the probation officer's recommendations, the court applied enhancements for taking the property of a financial institution and for making a threat of death during the commission of a bank robbery.  The district court also deemed Moore a career offender under Guideline § 4B1.1. After applying an acceptance of responsibility deduction, Moore's total offense level was set at 29.

Coupled with a criminal history category of VI, the recommended Guidelines range was 151 to 188 months imprisonment.

At sentencing, Moore objected to the threat of death enhancement. Additionally, Moore requested a sentence outside the career offender range because he contended the Guidelines over-represented his criminal history and failed to account for mitigating circumstances. The district court rejected these arguments and sentenced Moore to 151 months imprisonment and three years supervised release.

Moore timely appealed on January 28, 2010. Original jurisdiction exists under 18 U.S.C. § 3231. Appellate jurisdiction exists under 18 U.S.C. § 3742. *See United States v. Bowers*, 615 F.3d 715, 722 (6th Cir. 2010).

## ANALYSIS

Moore first argues that the facts were insufficient to support the threat of death enhancement. Moore admits that he passed the bank teller a note which read, "I have a gun. Give me the cash." Nevertheless, Moore argues that because he was not actually carrying a weapon, his threat was an empty one.[1]

Whether undisputed facts warrant a sentence enhancement is a legal conclusion subject to *de novo* review. *United States v. Alexander*, 88 F.3d 427, 428 (6th Cir. 1996). Guideline § 2B3.1(b)(2)(F) provides for a two-level enhancement for a threat of death made during the commission of a bank robbery. The threat may be made orally or in writing, or a combination

---

[1]Moore also disputes whether he used profanity in urging the teller to "hurry up" with the money.

thereof. USSG § 2B3.1, cmt. n.6. The robber need not expressly state his intent to kill, and advising a bank employee that one is armed suffices to support the enhancement.[2] *United States v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002). The fact that Moore was not actually armed is without consequence. It is the bank employee's reasonable belief about the consequences of failing to comply with the robber's demands that matters. *Id*. at 442–43. A bank employee may reasonably believe the threat to be genuine, even if the robber does not brandish a weapon. *Id*. at 442. Accordingly, the court did not err in applying the threat of death enhancement.

Moore next challenges the reasonableness of his sentence. The government argues that we may not review Moore's reasonableness claims, because they are based on the district court's refusal to grant a Guidelines-based departure. *See United States v. Puckett*, 422 F.3d 340, 344–46 (6th Cir. 2005).

We reject the government's argument. While Guidelines-based departures are unreviewable, Moore grounds his arguments both in the Guidelines and in the 18 U.S.C. § 3553(a) sentencing factors. Accordingly, we may treat his reasonableness claim as a reviewable request for a downward variance. *See United States v. Madden*, 515 F.3d 601, 609–10 (6th Cir. 2008).

This Court reviews the reasonableness of a sentence imposed by the district court under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Our reasonableness inquiry encompasses both a procedural and a substantive component. *United States v. Alexander*, 543 F.3d 819, 821–22 (6th Cir. 2008). We must first consider whether the district court committed

---

[2]Although an earlier version of the Guidelines required an "express" threat of death, that requirement was eliminated from § 2B3.1 in 1997. *See United States v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002).

any procedural errors, because these errors necessarily constitute an abuse of discretion. *Id*. Such errors include failing to calculate or improperly calculating the Guidelines, erroneously treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) sentencing factors, applying a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence and any accompanying deviations from the Guidelines range. *Id.* at 822 (citing *Gall*, 552 U.S. at 50).

If the district court's decision is procedurally sound, this Court next considers the substantive reasonableness of the sentence. *Id*. In doing so, this Court reviews whether, under the totality of the circumstances, the district court imposed "a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing as laid out in § 3553(a)(2). *Id.* A sentence may be substantively unreasonable if it is selected arbitrarily, is based upon impermissible factors, fails to properly take into account pertinent § 3553(a) factors, or gives unreasonable weight to any factor. *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). If the district court imposes a sentence within the Guidelines range, this Court "may, but is not required to, apply a presumption of reasonableness." *Gall*, 552 U.S. at 50. This Court's belief that a different sentence might have been appropriate is insufficient to justify reversal of the district court. *Id*.

Moore believes that the district court failed to adequately consider the § 3553(a) factors and failed to adequately explain its reasons for rejecting his arguments in mitigation. However, Moore's claims of procedural unreasonableness are without merit, because the sentencing judge addressed each of the § 3553(a) factors, as well as Moore's mitigation arguments—including his young age, his mental illness and drug and alcohol addiction, his favorable work history, and his family's unwavering support. Nevertheless, the court also noted Moore's lengthy criminal history, which

4

included several prior robberies, and the need to protect the public. Although the court stated that "in many instances the career offender status is Draconian in nature," it found that, in Moore's case, that designation accurately represented his criminal history.

Finally, the district court imposed a within Guidelines sentence that is afforded a rebuttable presumption of substantive reasonableness. *United States v. Sedore*, 512 F.3d 819, 823 (6th Cir. 2008). Moore, has failed to rebut that presumption. The mere fact that Moore desires a more lenient sentence, without more, is insufficient to disturb the reasoned judgment of the district court. *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** Moore's 151-month sentence.