**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0485n.06

No. 11-1674

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*May 09, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| SEAN LAMONTE LINDSAY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BOGGS and GRIFFIN, Circuit Judges; and BARZILAY, Judge.[*]

GRIFFIN, Circuit Judge.

Defendant Sean Lindsay pled guilty to one count of bank robbery and incidental crimes, in violation of 18 U.S.C. § 2113(a). Although his Rule 11 plea agreement anticipated a sentencing guideline range of 57 to 71 months of imprisonment, the district court applied the two-level enhancement for threats of death pursuant to U.S.S.G. § 2B3.1(b)(2)(F) and sentenced Lindsay to 77 months in prison, within the adjusted guidelines range of 77 to 96 months' incarceration. On appeal, Lindsay challenges his sentence, arguing that the facts did not warrant the enhancement and that his sentence is substantively unreasonable. We disagree and affirm.

---

[*]The Honorable Judith M. Barzilay, Senior Judge, United States Court of International Trade, sitting by designation.

I.

The facts are not in dispute and are accurately set forth in the Presentence Report ("PSR"):

On May 6, 2010, [Lindsay] entered a Chase Bank in Belleville, Michigan. [He] approached [the] teller counter, presented his driver's license, and attempted to cash a fraudulent personal check written on the account of his girlfriend. The teller recognized [Lindsay] as he had previously cashed checks at the bank, and also attempted to cash a check drawn on the same account on April 14, 2010. That check was fraudulent and was denied. Due to this previous event, the teller asked a manager to contact the account holder, [Lindsay's] girlfriend, to verify the check. The girlfriend advised the manager to have [Lindsay] arrested. During this time, [Lindsay] made a call on his cellular phone and indicated his girlfriend was on the line. [Lindsay] became angry and reportedly yelled into the phone "Well, just tell them no."

[Lindsay] then walked away from the counter, leaving his driver['s] license and the fraudulent check. At that time he approached a personal banker who was counting out money for a customer closing an account. When the banker counted out $1,000.00, [Lindsay] demanded the money. The banker originally did not think [Lindsay] was serious and did not honor his demand. [Lindsay] then said "Give me that money, I have a bomb and my partner's getting money from the tellers." [Lindsay] also reportedly lifted his shirt and showed what appeared to the banker to be a cloth strap with a plastic buckle fastened around his waist. [Lindsay] then grabbed $1,000.00 from the banker's hand, tearing one of the bills in the process, and fled from the bank on foot.

Lindsay was arrested four days later and charged with one count of bank robbery and incidental crimes, in violation of 18 U.S.C. § 2113(a). On January 4, 2011, he pled guilty to the charge pursuant to a written Rule 11 plea agreement. The plea agreement included a recommended guideline range of 57 to 71 months, based upon an anticipated offense level of 19 and a criminal history category of V. The agreement further provided, however, that "[i]f the Court finds . . . that [Lindsay's] criminal history category is higher than reflected on the attached worksheets . . . and if any such finding results in a guideline range higher than 57-71 months, the higher guideline range

becomes the range recommended by [the parties]." The parties stipulated in the plea agreement to the application of the bank robbery guidelines in U.S.S.G. § 2B3.1.

The guideline calculations set forth in the plea agreement and the PSR were not the same. The probation department calculated an offense level of 21 and a criminal history category of VI, resulting in an advisory guideline range of 77 to 96 months. The difference was attributable to the probation department's application – over Lindsay's objection – of a two-level enhancement for a "threat of death" under § 2B3.1(b)(2)(F), which increased the offense level by two, and the assignment of a higher criminal history category due to a conviction not listed in the plea agreement.

At the sentencing hearing held on May 10, 2011, the district court overruled Lindsay's objections to the scoring in the PSR and adopted the probation department's sentencing calculations. Specifically, the district court determined that Lindsay made a "threat of death" during the course of the bank robbery, and, therefore, the corresponding two-level enhancement was appropriate. The court sentenced Lindsay to 77 months of imprisonment, at the bottom of the adjusted guideline range of 77 to 96 months. Lindsay timely appeals his sentence.

II.

Guideline § 2B3.1(b)(2)(F) provides for a two-level enhancement "if a threat of death was made" during a robbery. Lindsay argues that this enhancement is not justified in the present circumstances, in which he told the banker, "Give me that money, I have a bomb and my partner's getting money from the tellers," and then lifted his shirt to display a cloth strap with a plastic buckle fastened around his waist. He contends that "it is an absurdity to suggest that [his] display of a 'strap

with a buckle' could credibly equate with a 'bomb' and 'instill a fear of death' as the district court reasoned." According to Lindsay, neither the victim nor a reasonable person could have believed that Lindsay made a threat of death. We disagree.

"Whether undisputed facts warrant a sentence enhancement is a legal conclusion subject to *de novo* review." *United States v. Moore*, 447 F. App'x 721, 723 (6th Cir. 2012). Application Note 6 accompanying § 2B3.1 explains:

> "A threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement, act, gesture, or combination thereof. Accordingly, the defendant does not have to state expressly his intent to kill the victim in order for the enhancement to apply. For example, an oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death. The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.

"The fact that [Lindsay] was not actually armed is without consequence. It is the bank employee's reasonable belief about the consequences of failing to comply with the robber's demands that matters." *Moore*, 447 F. App'x at 723 (citing *United States v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002)). "A bank employee may reasonably believe the threat to be genuine, even if the robber does not brandish a weapon." *Id*.

Lindsay's actions clearly constitute a "threat of death" within the meaning of § 2B3.1(b)(2)(F) and our precedents addressing this issue. *See, e.g., Moore*, 447 F. App'x at 723 (holding that the threat-of-death enhancement was warranted where the defendant passed the bank

teller a written note which read, "I have a gun. Give me the cash[,]" even though the defendant was not actually armed); *United States v. Sogan*, 388 F. App'x 521, 522 (6th Cir. 2010) (per curiam) (affirming the enhancement where, although the defendant did not display a weapon, he "suggestively placed his hand by his waist" as he declared, "I am only going to ask this once and once only . . . Do you want to go home tonight? If you do, give me your money."); *Winbush*, 296 F.3d at 443 (holding that the defendant's presentation of a note to the teller stating "THIS IS A HOLD-UP I HAVE A GUN 100's 50's and 20's" was sufficient to "instill in any reasonable bank teller a belief that a failure to comply with the robber's instructions would result in being fatally shot"); *United States v. Clark*, 294 F.3d 791, 794-95 (6th Cir. 2002) (affirming application of the enhancement where the defendant did not display a weapon but presented the teller with a note which read "I have a gun. Do what you are told and you wont [sic] get hurt."); *United States v. Willis*, 48 F. App'x 542, 543 (6th Cir. 2002) (upholding threat-of-death enhancement where the defendant handed the teller a note stating, "There is a gun pointed at your head. Put the money in the bag. 20 minutes after I'm gone the guy with the gun will also leave. Try anything funny, you will be shot."); *United States v. Landrum*, 10 F. App'x 244, 246 (6th Cir. 2001) (finding enhancement to be appropriate where the defendant told the teller he had a bomb and presented her with a handwritten note stating "I'm carrying 10 pounds of explosives in this bag. Give me all your money in your drawer or we all *DIE*.").

Here, as in these cases, "the implication is clear: follow my direction or face physically grave consequences." *Sogan*, 388 F. App'x at 524. Lindsay's threatening statement alone was sufficient

to "instill in a reasonable person, who is a victim of the offense, a fear of death." U.S.S.G. § 2B3.1, cmt. n.6. We therefore hold that the district court did not err in applying the two-level enhancement for making a threat of death.

## III.

Lindsay also challenges the substantive reasonableness of his within-guidelines sentence of 77 months of imprisonment. However, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007) (internal quotation marks omitted). As was the case in *Winkle*, "[i]t would be generous to say that [Lindsay] has even adverted to the reasonableness of his sentence, and any claim related to reasonableness is thus waived." *Id*.

## IV.

The judgment of the district court is affirmed.