# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10031
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LINDA GAIL HORTON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-220-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges
PER CURIAM:[*]

Linda Gail Horton pleaded guilty without a plea agreement to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).  Horton challenges a two-point enhancement to her base-offense level under Guideline § 2B3.1(b)(2)(F) for making a threat of death during the commission of the robbery.  Along that line, Horton asserts the enhancement applies only if "(1) a reasonable person in the position of the immediate victim would very likely believe the defendant

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

made a threat and the threat was to kill, and (2) the victim likely thought his life was in peril". U.S.S.G app. C, amend. 552. Because the presentence investigation report did not mention whether the victim experienced a fear of death, Horton claims the court erred in imposing the enhancement.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Horton did not object in district court to the application of the threat-of-death enhancement. The absence of a "threat of death" was urged only in seeking a downward departure. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Horton must show a forfeited plain (clear or obvious) error that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The commentary for Guideline § 2B3.1(b)(2)(F) explains a threat of death "may be in the form of an oral or written statement, act, gesture, or combination thereof". U.S.S.G. § 2B3.1, cmt. n.6. The defendant need not expressly threaten to kill the victim. *Id.* Instead, under the applicable

No. 16-10031

objective standard, the enhancement applies when a reasonable person would reasonably fear his life was in danger. *United States v. Soto-Martinez*, 317 F.3d 477, 479 (5th Cir. 2003). Horton's note to the bank teller demanded money and stated Horton had a bomb. It is not clear or obvious error to decide such a statement would instill a fear of death in a reasonable person, especially in a tense and stressful situation like a bank robbery. *See id.*

Therefore, Horton fails to show the court plainly erred in applying the "threat of death" enhancement. *See Puckett*, 556 U.S. at 135; *Soto-Martinez*, 317 F.3d at 479.

AFFIRMED.