# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2022

Lyle W. Cayce
Clerk

No. 21-11043
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KENNETH HOYD SEABOURNE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-153-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Kenneth Hoyd Seabourne appeals the imposition of a two-level "threat of death" enhancement for his conduct during two robberies. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-11043

During September and October 2020, Seabourne robbed three Texas banks. The first robbery occurred on September 3, 2020. Seabourne placed a bag on the counter of the Prosperity Bank in Odessa and gave the teller a note that read: "All $ in Bag! / I am armed / No Dye Packs – No Bait $ / Don't fuck w/me."  On September 29, 2020, Seabourne robbed the First Abilene Credit Union using the same method; the note itself was lost, but the teller said it read: "I have a gun, give me all the money, do not fuck with me and no bait money."  The teller also testified that Seabourne reached into his shirt and grabbed what appeared to be a gun and pointed it at the teller through his shirt.  The third bank robbery occurred on October 15, 2020, at the Peoples Bank in Lubbock. This time, the note read: "All $ in Bag! / I'm Armed!! / No Dye PacKS or Bait $ / Don't fuck w/ me."

Seabourne pleaded guilty to three counts of robbery for these incidents. Based on the notes that Seabourne handed to the tellers at the Lubbock and Odessa robberies, his PSR assigned a two-level "threat of death" enhancement under U.S.S.G. § 2B3.1(b)(2)(F) for those offenses. At sentencing, Seabourne objected to the "threat of death" enhancements, the court rejected his objection and adopted the PSR. Now Seabourne appeals, arguing that the district court erred by finding the notes sufficient to create a threat of death for the purposes of U.S.S.G. § 2B3.1(b)(2)(F).

Because Seabourne preserved the alleged error by objecting to the PSR's application of the "threat of death" enhancement, we review the district court's interpretation and application of the guidelines de novo. *United States v. Johnson*, 619 F.3d 469, 472 (5th Cir. 2010).

U.S.S.G § 2B3.1(b)(2)(F) provides that if, during a robbery, "a threat of death was made," the offense level should be increased by two levels. Its commentary explains that a "threat of death" enhancement applies in "cases in which the offender(s) engaged in conduct that would instill in a reasonable

person, who is a victim of the offense, a fear of death." U.S.S.G. § 2B3.1, cmt. (n.6). Thus, in *United States v. Soto-Martinez*, we affirmed the application of the "threat of death" enhancement when a bank robber handed the teller a note that read: "I have a gun. I just want money. Start with the $100.00. Stay Quiet!!!" 317 F.3d 477, 478 (5th Cir. 2003). We acknowledged that there was a "slight inferential step" between "I have a gun" and "I just want money" to "[g]ive me the money or I will shoot you," (which is one of the examples given by the Sentencing Guidelines commentary) but found that inference "entirely reasonable, particularly amid the stress and tension of a bank robbery." *Id.* at 479; *see also United States v. Ladell*, 341 F. App'x 21, 22 (5th Cir. 2009) (affirming the application of the "threat of death" enhancement when the note "threatened that people would get hurt or suffer if the teller did not comply" and the defendant patted his pocket).

Seabourne contends that this case is different because instead of saying "I have a gun," he wrote "I am armed." "Armed," Seabourne contends, could refer to a broad range of weapons including nonlethal ones—therefore, he argues, it would not be reasonable to infer a threat of death from his notes. We disagree. Again, while it may be a "slight inferential step," one may reasonably understand "armed" to mean "armed" with a deadly weapon—particularly in the context of a bank robbery. Therefore, we find it entirely reasonable for a bank teller to infer that a person has a gun and may shoot him or her when the robber warns that he is "armed" and demands money. *See United States v. Reagan*, 264 F.3d 1141, 1141 (5th Cir. 2001) (unpublished) (affirming a "threat of death" enhancement when the note warned "I do have a device that will hurt a great deal" should the teller not comply).

The district court's judgment is AFFIRMED.