**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL JASON MARTINEZ,

Defendant-Appellant.

No. 09-1140

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. NO. 08-CR-76-REB)**

---

J. Michael Dowling, Law Office of J. Michael Dowling, Denver, Colorado for Appellant.

James C. Murphy, Assistant United States Attorney (David M. Gaouette, United States Attorney, with him on the brief) Office of the United States Attorney, Denver, Colorado for Appellee.

---

Before **TYMKOVICH**, **ALARCÓN**[*], and **EBEL**, Circuit Judges.

---

**TYMKOVICH**, Circuit Judge.

---

[*] The Honorable Arthur L. Alarcón, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Michael Jason Martinez pleaded guilty to four bank robberies, and the district court sentenced him to 120 months imprisonment for each crime, with the sentences to run concurrently. Martinez appeals his sentence, arguing 1) the district court erred in holding he could not collaterally attack the jurisdictional basis of a prior state court conviction used to classify him as a career offender under United States Sentencing Guidelines (USSG) § 4B1.1; 2) the district court clearly erred in finding Martinez made a threat of death during the bank robberies; and 3) his sentence is substantively unreasonable.

After Martinez filed this appeal, the state court vacated his prior conviction, mooting the career offender claim. The parties agree that Martinez is entitled to resentencing because of this development. As to the threat of death enhancement, we conclude the district court did not err in finding Martinez made a threat of death during the bank robberies.

Accordingly, we AFFIRM the district court's decision to enhance Martinez's sentence because of the threat of death but REMAND for resentencing in light of the state court vacating Martinez's prior conviction. Because the district court will resentence Martinez, we do not address the substantive reasonableness of his sentence.

## I. Background

Martinez pleaded guilty to four counts of bank robbery in violation of 18 U.S.C. §§ 2, 2113(a). The initial presentence report suggested an offense level of

28 and included a 2-level enhancement for making a threat of death during the bank robberies. Martinez had eight criminal history points, which would have placed him in criminal category IV, but because the district court determined he was a career offender, based on the prior state court conviction, it placed him in category VI. Pursuant to the career offender enhancement, Martinez's adjusted offense level was 32. The district court then subtracted 3 levels for acceptance of responsibility, giving Martinez a total offense level of 29.

The district court granted the government's motion under USSG § 5K1.1 to depart downward by 25 percent because of Martinez's substantial assistance to the government in investigating other robberies. This downward departure yielded an advisory guidelines range of 113 to 141 months. After weighing the factors enumerated in 18 U.S.C. § 3553, the district court sentenced Martinez to 120 months imprisonment on each of the four counts of conviction, with the sentences to run concurrently.

## II. Discussion

Martinez challenges two enhancements to his sentence—the career offender provision, and the threat of death enhancement. He also challenges the substantive reasonableness of his sentence.

### A. Career Offender Status and Substantive Reasonableness

Initially, Martinez argued the district court erred in holding he could not collaterally attack a prior state court conviction used to classify him as a career

offender under USSG § 4B1.1. After oral argument, the state court vacated the state court conviction which was the basis for the career offender enhancement. Without the predicate offense necessary for career offender status, Martinez filed an unopposed Motion for Limited Remand for Resentencing. We agree the district court will need to resentence Martinez in light of the state court vacating his state conviction.

Because we will remand for resentencing, we need not address the substantive reasonableness of Martinez's previous sentence.

### B. The Threat of Death Enhancement

Martinez's remaining contention is that the district court erred in finding he issued a threat of death during the robberies, resulting in a two-level enhancement of his offense level. USSG § 2B3.1(b)(2)(F). Because we will remand for resentencing, where this issue will again be before the district court, we address his arguments here. We disagree with Martinez.

"In evaluating the application of a Guidelines enhancement, we review factual findings for clear error, but to the extent the defendant asks us to interpret the Guidelines or hold that the facts found by the district court are insufficient as a matter of law to warrant an enhancement, we must conduct a de novo review." *United States v. Hamilton*, 587 F.3d 1199, 1222 (10th Cir. 2009) (quotations omitted). In this case, we are required to determine whether the facts found by

the district court are sufficient to warrant the enhancement, and thus review the court's decision de novo.

The comments to § 2B3.1 define a "threat of death" as follows:

"A threat of death," as used in subsection (b)(2)(F), may be in the form of an oral or written statement, act, gesture, or combination thereof. Accordingly, *the defendant does not have to state expressly his intent to kill the victim* in order for the enhancement to apply. For example, an oral or written demand using words such as "Give me the money or I will kill you", "Give me the money or I will pull the pin on the grenade I have in my pocket", "Give me the money or I will shoot you", "Give me your money or else (where the defendant draws his hand across his throat in a slashing motion)", or "Give me the money or you are dead" would constitute a threat of death. *The court should consider that the intent of this provision is to provide an increased offense level for cases in which the offender(s) engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death.*

USSG § 2B3.1, cmt. n.6 (emphasis added).

The district court did not err in finding Martinez used a threat of death, as Section 2B3.1 defines that term. In each of the robberies, Martinez and his co-defendants ran into the bank, jumped over the teller counter, and demanded that employees and customers get on the floor. In one robbery in particular, Martinez jumped on the teller's countertop and ordered bank patrons to "[g]et on the [f***ing] ground." R., Vol. 1, Doc. 50 at 10. At this command, one of the customers froze in fear, and did not comply. Martinez's co-defendant came up beside the customer and thrust something hard into the side of her stomach and

-5-

ordered her again to get down.  The victim told investigators that she believed the robber had a gun.[**]

The co-defendant's actions are attributable to Martinez pursuant to USSG § 1B1.3(a)(1).  In addition, "[w]e must consider the . . . threat as a whole and not as unconnected individual statements."  *United States v. Hogan*, 116 F.3d 442, 445 (10th Cir. 1997).  Martinez's statement, in combination with the co-defendant's actions, could "instill in a reasonable person, who is a victim of the offense, a fear of death."  § 2B3.1, cmt. n.6; *see United States v. Arevalo*, 242 F.3d 925, 927 (10th Cir. 2001) ("[T]he proper focus [in the threat of death inquiry] is on the perspective of the reasonable teller.") (quotations omitted).  During a bank robbery, a reasonable victim aggressively ordered to lie down, with a hard object thrust into his or her side for noncompliance, would experience a fear of death.  A reasonable victim would conclude the robber had a weapon.

Other circuits have uniformly held that threatening language or conduct coupled with a perception that the threat could be consummated suffices under § 2B3.1.  For instance, stating "I have a gun" constitutes a threat of death, even if the defendant does not show the gun.  *See, e.g., United States v. Jennings*, 439 F.3d 604, 610–11 (9th Cir. 2006) (holding that the threat of death enhancement can apply to a defendant who announces he or she has a gun but does not show it

---

[**]  In another robbery, the co-defendant told the victims, "get down and nobody gets hurt."  *Id.* at 6.

and does not threaten to use it); *United States v. Murphy*, 306 F.3d 1087, 1089 (11th Cir. 2002) (holding the words "I have a gun" qualify as a threat of death even if the defendant is unarmed); *United States v. Winbush*, 296 F.3d 442, 443 (6th Cir. 2002) (holding that presenting a note to a teller that states "I have a gun" is a threat of death even if the defendant did not exhibit the gun); *United States v. Jennette*, 295 F.3d 290, 292 (2d Cir. 2002) (concluding that an unarmed defendant's claiming to have a gun constitutes a threat of death). Likewise, the language and conduct in the bank robberies here suffices—aggressive language coupled with the suggestion of a weapon the victim believed to be a gun. Indeed, the only purpose for the conduct coupled with the command is to force the victim, through fear of a deadly weapon, to capitulate.

We thus conclude that Martinez's statements and behavior, combined with his co-defendant's actions, constitute a threat of death for purposes of the § 2B3.1 enhancement.

### III. Conclusion

We AFFIRM the district court's conclusion that Martinez issued a threat of death during the commission of the robberies and thus earned an enhancement. We GRANT Martinez's unopposed motion for resentencing and REMAND in light of the state court vacating his prior conviction.