**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO JUAN CANO,

Defendant-Appellant.

No. 11-8054
(D.Ct. No. 2:10-CR-00276-WFD-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Armando Juan Cano pled guilty to one count of attempted car-jacking in violation of 18 U.S.C. § 2119 and one count of illegal use of a firearm

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced him to fifty-seven months imprisonment for the car-jacking count and 120 months imprisonment for the firearm count, to be served consecutively. While Mr. Cano appeals his convictions and sentences, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). In turn, Mr. Cano has filed an opening brief in response, raising multiple issues for appeal and requesting appointment of appellate counsel. The government opposes the appeal, except for the procedural reasonableness of his car-jacking sentence, which it concedes requires reversal and remand. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and for the reasons set forth hereafter, we affirm Mr. Cano's convictions, affirm his sentence for illegal use of a firearm, and reverse and remand to the district court to vacate his sentence for attempted car-jacking and resentence him in accordance with this Order and Judgment. We further deny counsel's *Anders* motion to withdraw[1] and Mr. Cano's *pro se* request for appointment of appellate counsel.

---

[1] *See United States v. Mihaly*, 67 F.3d 894, 897 (10th Cir. 1995) (denying counsel's motion to withdraw based on meritorious argument raised on appeal and our reversal and remand for resentencing).

## I. Background

Witnesses and a Wyoming Highway Patrolman provided the following uncontested facts contained in the prosecutor's statement and incorporated into the presentence report. On June 23, 2010, while traveling on Interstate 80 in Wyoming, Mr. Cano swerved his car and collided with a car containing a man and woman. The male driver of the car stopped on the shoulder of the road and exited his vehicle while Mr. Cano stopped his car in the middle of the highway. On exiting, Mr. Cano waved his arms, yelled, and asked the male driver for help, claiming someone was chasing him, he had been stabbed, and his car was filled with poisonous gas. Mr. Cano then took off all of his clothes except for his pants, which had fallen around his ankles, and stepped in front of another vehicle traveling on the interstate, a Volvo, forcing the female driver to stop. Once she stopped, Mr. Cano forced his way into the back seat of the Volvo, where he found the female driver's pistol. After Mr. Cano chambered a round of ammunition in the gun and fired a round at her head, narrowly missing her, she ducked down and shifted her car into park, causing him to scream at her to drive and lean across the seat in an attempt to shift her car into drive. Mr. Cano then fired a second round through the front passenger window toward the male driver he encountered earlier.

At that time the female driver exited the Volvo and attempted to hide next

to the front left tire of her car when she heard another gun shot and saw Mr. Cano exit her car with her pistol in his hand. Mr. Cano then pointed the gun at the male driver but the gun failed to fire. The male driver then got back into his car and drove away. Mr. Cano also got back into his car, pursuing the couple and ultimately swerving into their car, causing them to drive off the road. However, Mr. Cano did not stop but continued on the highway until he reached milepost 181, where he stopped and was eventually arrested by a Wyoming Highway Patrolman.

The patrolman's inspection of the Volvo revealed a live round of ammunition on the rear passenger floor, a fired casing, and bullet holes in the dash, passenger-side window, and front windshield. Inside Mr. Cano's vehicle, the patrolman found the female driver's firearm, which was jammed with a fired casing but contained six rounds of live ammunition in the magazine. Mr. Cano's blood and urine later tested positive for methamphetamine.

Following a competency evaluation, the parties' stipulation on Mr. Cano's competency, and a hearing in which Mr. Cano was deemed competent to stand trial, he entered into a formal plea agreement, pleading guilty to one count of attempted car-jacking in violation of 18 U.S.C. § 2119 and one count of illegal use of a firearm during and in relation to a crime of violence in violation of 18

-4-

U.S.C. § 924(c)(1)(A)(iii). During the change of plea hearing, the government read into the record the prosecutor's statement containing the government's factual version based on witness accounts, which Mr. Cano stated he believed to be accurate based on the fact the witnesses who recounted those facts were sober, while he was "intoxicated" on methamphetamine. Mr. Cano did not deny any of the events recounted in that statement and consented to the district court taking the statement into account as part of his factual basis in pleading guilty.

After the district court accepted Mr. Cano's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable 2010 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). With respect to the count for illegal use of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii), the probation officer noted under U.S.S.G. § 2K2.4 the Guidelines range for a conviction under 18 U.S.C. § 924(c) is a minimum term of imprisonment of ten years, required by statute to be served consecutive to any other sentence.

With respect to the count for attempted car-jacking, the probation officer set Mr. Cano's base offense level at 20 under U.S.S.G. § 2B3.1(a) for robbery[2]

---

[2] As the government points out, car-jacking is not assigned its own Guidelines provision and, instead, is found under U.S.S.G. § 2B3.1(a) for

(continued...)

and added two levels under § 2B3.1(b)(5) as required for robbery offenses involving car-jacking; one level under § 2B3.1(b)(6) for taking a firearm from a victim; and one level under § 2B3.1(b)(7)(B) because the loss caused due to the taking of the female driver's vehicle and firearm exceeded $10,000 but was less than $50,000. The probation officer also recommended decreasing the offense level three levels for acceptance of responsibility, for a total base offense level of 21. The probation officer determined an offense level of 21, together with a criminal history category of II, resulted in an advisory sentencing range of fifty-one to sixty-three months imprisonment. The probation officer also noted no factors existed which would warrant a departure or variance outside of the advisory Guidelines.

While Mr. Cano did not contest the factual findings, he filed several objections to the presentence report regarding the procedural and substantive reasonableness of his sentences and requests for both a downward departure and variance. However, none of these contentions are presented on appeal by Mr. Cano or his counsel, other than his counsel's *Anders* argument, as presented hereafter, that his statutory mandatory minimum sentence of 120 months on the firearm count is unconstitutional as a violation of the separation of powers

---

[2](...continued)
robbery, extortion, and blackmail, with directions to add two levels if the offense involved car-jacking in order to account for that element of the crime.

between the legislative and judicial branches.

At the sentencing hearing, the district court denied all of Mr. Cano's objections and his requests for a downward departure and variance. After considering the 18 U.S.C. § 3553(a) sentencing factors, the district court stated it would "accept the recommendations of the probation department, determining the total offense level is 21, and the criminal history category is II, which results in a guideline imprisonment range under Count One of fifty-one to sixty-three months. Count Two, 120 months ...." It then imposed a sentence of fifty-seven months on the attempted car-jacking count and 120 months on the firearm count, to run consecutively.

After Mr. Cano filed a timely notice of appeal and his request for appointment of counsel was granted, his counsel, who represented Mr. Cano before the district court, filed an *Anders* motion and appeal brief, explaining the district court fully addressed all sentencing issues, no valid or meritorious grounds for an appeal exist, and moving for an order permitting his withdrawal as counsel. *See Anders*, 386 U.S. at 744. However, counsel renewed his assertion the mandatory minimum sentence for the firearm offense is unconstitutional, for the purpose of preserving the issue for appeal in the event the Supreme Court declares such sentences unconstitutional.

Pursuant to *Anders,* this court gave Mr. Cano an opportunity to respond to his counsel's *Anders* brief.  *See id.*  Mr. Cano filed a response, arguing his conviction is invalid because the State of Wyoming, rather than the federal government, possessed jurisdiction over the crime committed given the offense happened on state land.  He also contends his car-jacking sentence is procedurally and substantively unreasonable, arguing the district court:  (1) treated the Guidelines as "mandatory," rather than advisory; (2) erred in calculating his "relevant conduct" in determining his sentence; (3) improperly applied a one-level increase for the loss amount calculation; and (4) impermissibly adopted the probation officer's factual findings, rather than making its own findings of fact or having the government prove the facts to a jury beyond a reasonable doubt.  He also alleges a miscarriage of justice occurred based on his waiver of his appeal rights and cursorily suggests ineffective assistance of counsel due to counsel's "trying to deny this Petitioner ... an appeal."  Finally, on a page attached to his certificate of service, Mr. Cano points to the Guidelines sentencing range for the car-jacking count, explaining the presentence report contains an error because an offense level of 21 and criminal history category of II results in a Guidelines range of forty-one to fifty-one months, rather than fifty-one to sixty-three months.

In response, the government contends Mr. Cano's appeal lacks merit with respect to all of his arguments, except for the procedural reasonableness of his

attempted car-jacking sentence. After its own review of Mr. Cano's sentence and the applicable Guidelines sentencing table, the government admits the sentence imposed is procedurally unreasonable and must be remanded for resentencing because, as Mr. Cano contends, the Guidelines range for an offense level of 21 and criminal history category of II should have been forty-one to fifty-one months imprisonment. After arguing Mr. Cano's sentence is not otherwise procedurally or substantively unreasonable, it also points out Mr. Cano did not waive his right to appeal in his plea agreement, making his argument on his waiver of his appellate rights "simply irrelevant." It further advises Mr. Cano's attorney did not deny him an appeal and that, in any event, any ineffective assistance claim Mr. Cano may be making should be deferred for collateral proceedings under 28 U.S.C. § 2255.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. To begin, Mr. Cano seems to be summarily raising an ineffective assistance of counsel claim. We have long held ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal, *see United States v. Calderon*, 428 F.3d 928, 931-32 (10th Cir. 2005), even when, as here, it is raised in the context of an *Anders* filing, *see United States v. Banuelos-Barraza*, 639 F.3d 1262, 1263 (10th Cir. 2011). Not

only has Mr. Cano's ineffective assistance claim not been adequately developed in this appeal, but we have held that "[e]ven if the record appears to need no further development, the claim should still be presented first to the district court in collateral proceedings ... so the reviewing court can have the benefit of the district court's views." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)).  As a result, we decline to consider Mr. Cano's ineffective assistance of counsel claim on direct appeal.

With respect to his convictions, neither Mr. Cano nor the record presented on appeal suggests he failed to understand his rights and the possible penalties against him or that he entered his plea agreement involuntarily or unknowingly. Moreover, because Mr. Cano did not waive his right to appeal and his right of appeal has not been contested, we need not address his argument on that issue. As to his jurisdictional argument, Mr. Cano pled guilty to two offenses in violation of federal law and the district court's subject matter jurisdiction in such a federal criminal prosecution arose from 18 U.S.C. § 3231, which states "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  As a result, we conclude no nonfrivolous issues exist to challenge his convictions.

As to Mr. Cano's sentences, we review them for reasonableness, which includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence under the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). While our reasonableness review requires we review factual findings for clear error and legal determinations *de novo*, *id.* at 1053, we review for plain error any issues not previously raised with respect to the procedural reasonableness of the sentence. *See United States v. Romero*, 491 F.3d 1173, 1176 (10th Cir. 2007). Having made such a review, it is clear neither we nor the Supreme Court have held statutory mandatory minimum sentences are unconstitutional and, therefore, we need not further address this sentencing issue which Mr. Cano's counsel raised before the district court and raises here to preserve it for future appeal. Accordingly, we conclude the district court did not err in sentencing Mr. Cano to the mandatory minimum of 120 months for his firearm offense under U.S.S.G. § 2K2.4(b) and 18 U.S.C. § 924(c).

As to Mr. Cano's other sentence, for attempted car-jacking, we review his newly-raised procedural reasonableness arguments for plain error. A review of the record, including the presentence report and transcript of the sentencing hearing, reveals nothing to indicate the district court considered the Guidelines to

-11-

be mandatory or that it mandatorily applied them. As to Mr. Cano's argument the district court improperly considered his "relevant conduct," nothing in the record shows relevant conduct was a part of the sentence calculation, and Mr. Cano did not plead guilty to any drug offense to which a "relevant conduct" determination would apply. Similarly, Mr. Cano's argument against the district court's one-level offense increase to his sentence, based on the loss calculation, lacks merit given the value of the items he took–the vehicle and firearm–may be considered under the Guidelines for the purpose of such an increase. *See* U.S.S.G. § 2B3.1(b)(7)(B). Moreover, as the government contends, Mr. Cano does not claim the items he took were not worth over $10,000 for the purpose of such an enhancement.

We also reject Mr. Cano's argument the district court impermissibly failed to make factual findings for the purpose of sentencing him under the Guidelines or that a jury should have made such findings beyond a reasonable doubt. The Supreme Court has definitively held sentencing factors can be proved to a judge at sentencing by a preponderance of the evidence. *See United States v. O'Brien*, 130 S. Ct. 2169, 2174 (2010). Moreover, in this case, the government did not need to prove such facts given Mr. Cano admitted to the evidence contained in the prosecutor's statement which was incorporated without objection into the findings of fact provided in the presentence report–both on which the district court relied

in sentencing Mr. Cano.

While we conclude the district court did not commit plain error on the aforementioned issues and Mr. Cano's arguments are meritless, it is clear, as the parties contend, that an offense level of 21 and criminal history category of II, result in a Guidelines range of forty-one to fifty-one months imprisonment, rather than the range of fifty-one to sixty-three months applied by the district court. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). As a result, Mr. Cano's sentence for attempted car-jacking is procedurally unreasonable and we must remand for resentencing on this issue. Because of our remand, we will not address the substantive reasonableness of Mr. Cano's sentence. *See United States v. Martinez*, 602 F.3d 1156, 1157 (10th Cir. 2010).

## III. Conclusion

For these reasons, we **AFFIRM** Mr. Cano's convictions, **AFFIRM** his 120-month sentence for illegal use of a firearm, and **REVERSE** and **REMAND** to the district court to vacate Mr. Cano's fifty-seven-month sentence for attempted car-jacking and resentence him in accordance with this Order and Judgment. Because counsel based his motion to withdraw on his belief no meritorious arguments existed on appeal and the government has since conceded, and because we have determined the district court did commit reversible error, we **DENY** counsel's

motion to withdraw.  *See Mihaly*, 67 F.3d at 897.  We further **DENY** Mr. Cano's

*pro se* request for appointment of appellate counsel.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge
