FILED
United States Court of Appeals
Tenth Circuit

January 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARMANDO JUAN CANO,

Defendant-Appellant.

No. 12-8035
(D.C. No. 2:10-CR-00276-NDF-1)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH,** Circuit Judges.

After his convictions for attempted carjacking and discharging a firearm

during a crime of violence, Armando Juan Cano was sentenced to 57 months for

the first crime and 120 months for the second, the terms to run consecutively.

Mr. Cano appealed, but this court rejected all his arguments save one: we held

that Mr. Cano's carjacking sentence was procedurally unreasonable because it

was premised on an erroneous understanding of the relevant guidelines range.

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*See United States v. Cano*, 468 F. App'x 863, 868-69 (10th Cir. 2012) (unpublished).  On remand, the district court took note and resentenced Mr. Cano to forty-one months imprisonment for the carjacking conviction, a term of imprisonment within the correctly calculated guidelines range.

Now the case has returned to us.  This time, Mr. Cano's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), advising that he discerns no colorable basis for an appeal and seeking leave to withdraw.  *Anders* authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after a conscientious examination," the lawyer finds the appeal "wholly frivolous."  *Id.* at 744.  Invoking *Anders* requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record."  *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744).  The client may then submit his own arguments for the court's consideration.  *Id.*  And we must then "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.*  If they are, we may grant counsel's motion to withdraw and dismiss the appeal.  *Id.*

In his *Anders* brief, Mr. Cano's counsel identifies four potential points of appeal in this case but represents that all lack merit.  Mr. Cano has submitted a filing of his own touching on these same points but arguing they do possess merit.

For its part, the government has filed a response agreeing with defense counsel's analysis. After our own independent review we do as well.

Defense counsel's *Anders* brief correctly indicates that this court has already resolved three of Mr. Cano's potential points of appeal. In Mr. Cano's first appeal, this court held there was no merit to Mr. Cano's contention that the district court improperly applied a one-level increase under U.S. Sentencing Guideline § 2B3.1(b)(7)(B). *See Cano*, 468 F. App'x at 868. We rejected his argument that mandatory minimum sentences are unconstitutional. *Id.* And we explained that Mr. Cano's ineffective assistance of counsel claim should be pursued in a habeas petition not a direct appeal. *Id.* at 867. These decisions have become the law of the case. *United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996).

Separately, the *Anders* brief correctly notes that Mr. Cano's final potential point of appeal, while new, is also meritless. Mr. Cano would like to argue that the district court should have departed downward from the guidelines because of diminished capacity because of drug dependence and strong family ties and responsibilities. *See* U.S. Sentencing Guidelines Manual §§ 5H1.4, 5K2.13, 5H1.3, 5H1.6. But because Mr. Cano didn't raise this argument before the district court, we could review this claim only for plain error, which occurs "when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial

proceedings." *United States v. Gonzales-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). The record before us contains some evidence of Mr. Cano's rehabilitation efforts since he was incarcerated. But the record is by no means overwhelming and it is in no way plain that the district court abused its discretion by refusing to grant the requested downward departures. On the record we have we simply cannot disagree with defense counsel's analysis that pursuing this line of attack would be pointless.

Counsel's motion to withdraw is granted and this appeal is dismissed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge