**UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,**

**v.**

**Anthony SHEPPARD, Defendant–Appellant/Cross–Appellee.**

Nos. 97–1063, 97–1174.

United States Court of Appeals, Sixth Circuit.

Argued April 30, 1998.

Decided July 15, 1998.

Lynn M. Pargo (argued), James C. Thomas (briefed), Detroit, Michigan, for Defendant–Appellant/Cross–Appellee.

Mark W. Osler (argued and briefed), Office of the U.S. Attorney, Detroit, Michigan, for Plaintiff–Appellee/Cross–Appellant.

Before: JONES, MOORE, and COLE, Circuit Judges.

COLE, Circuit Judge.

Following a jury trial, Defendant Anthony Sheppard was convicted of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and one count of carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). At the time of trial, the district court denied Sheppard's motion for judgment of acquittal on the § 924(c) count; however, the district court granted the motion eight months later. Sheppard now appeals his conviction on the possession count, contending that there was insufficient evidence to support the conviction, and also argues that the district court erred by failing to suppress evidence. The government cross-appeals the district court's grant of judgment of acquittal on the § 924(c) count. Although the district court granted Sheppard's motion for judgment of acquittal on the § 924(c) count, Sheppard also argues in his appeal that there was insufficient evidence to support that conviction and that the district court erred by giving an improper jury instruction on the § 924(c) count. For the reasons that follow, we **AFFIRM** Sheppard's conviction on the possession count and **AFFIRM** the district court's dismissal of Sheppard's conviction on the § 924(c) count on the basis of insufficient evidence to support that conviction.

## I. BACKGROUND

On May 17, 1995, David Dorsey purchased as an investment a vacant, two-apartment house located at 11643 Evergreen Road in Detroit. Following the closing, Dorsey drove by the house and observed approximately forty people enter and exit the house during a time span of thirty-five to forty minutes. Dorsey returned to the house two days later and spoke to Defendant Anthony Sheppard, who was inside the residence. Dorsey told Sheppard that he had just purchased the

house and had been informed that it was vacant. Dorsey, suspecting that Sheppard was involved in drug trafficking, then told Sheppard "to take his business somewhere else." Sheppard responded that he had rented the house from an unidentified person.

Dorsey thereafter notified the Bureau of Alcohol, Tobacco and Firearms (ATF) and reported his suspicions to Special Agent Gerard Woodard. On May 22, 1995, Dorsey and Woodard, accompanied by ATF Agent Curtis Brunson, went to the house and knocked on the front door, announcing their presence by shouting "police." There was no response. After waiting a few minutes, Dorsey and Woodard went to the side door, while Brunson remained at the front door. Again, Woodard knocked and announced "police," and after getting no response, Dorsey unlocked the door.[1]

Woodard entered the house and encountered Sheppard coming from the bathroom area. Woodard asked Sheppard if there was anything dangerous in the house and Sheppard responded that there was a gun in the bedroom. Along with the gun, Woodard found sixty-eight individually packed rocks of "crack" cocaine (cocaine base) and $267.[2] According to Woodard, the house was filled with trash, had graffiti on the walls, and had no running water nor working bathroom facilities.

The ATF agents took Sheppard into custody, during which time he allegedly made incriminating statements to Brunson. Sheppard allegedly told Brunson that he had been looking for a vacant house for drug trafficking, that he used the vacant house at 11643 Evergreen Road for that purpose, and that the gun belonged to him.

On June 14, 1995, a federal grand jury indicted Sheppard on one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and one count of using or carrying a firearm in relation to a drug trafficking crime, in violation of 18

U.S.C. § 924(c). Sheppard filed a motion to suppress the evidence seized from the house and the statements that he made to Brunson. The district court held a hearing on the motion but deferred ruling thereon pending a determination of ownership of the house, because Sheppard argued at the hearing that tax records indicated that Dorsey did not own the property. Immediately prior to the start of trial, the government provided documentation of Dorsey's ownership and Sheppard withdrew the motion to suppress evidence and statements.

Also immediately prior to trial, Sheppard filed a motion to dismiss Count Two of the indictment, the § 924(c) count, relying on the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Apparently, the motion was resolved by the parties' agreement that the government would proceed under only the "carry" prong of § 924(c).

On April 9, 1996, the jury trial commenced. Woodard, Brunson and Dorsey testified in support of the government's case. At the close of trial, Sheppard moved for judgment of acquittal pursuant to Fed.R.Crim.P. 29 with respect to the § 924(c) count. The district court denied the motion.

With respect to the § 924(c) count, the parties jointly drafted the jury instruction. The instruction provided:

A firearm is carried in relation to a drug trafficking crime if the firearm was knowingly and intentionally placed on the person or it is within the immediate reach of the person by that person or by another with the person's knowledge.

There must be the intent or expectation that its presence there could assist the person to commit the drug trafficking crime.

A firearm can help a person commit a drug trafficking crime if the person could use the firearm to protect him or herself while committing the crime or afterwards

---

1. Woodard did not have a warrant to enter or search the residence; however, the owner of the residence—Dorsey—consented to entry and the subsequent search.

2. At trial, Woodard was asked, "At the time you first encountered [Sheppard] [how far] was the defendant from the crack cocaine [and] the firearm?'" Woodard responded, "I guess that distance would be, approximately, three to four feet, I guess."

or to help prevent the theft of drugs or money.

However, a firearm is not used or carried [in] relationship to a drug trafficking crime if its presence at or near the scene of the crime is unknown to the person or if known to the person, is not present to help the person commit the drug trafficking crime.

The jury convicted Sheppard on both counts of the indictment on April 10, 1996. On December 5, 1996, Sheppard appeared before the district court for sentencing. At that time, the district court indicated a willingness to reconsider Sheppard's motion for judgment of acquittal on the § 924(c) count and continued the sentencing hearing. Sheppard then filed another motion for judgment of acquittal on the § 924(c) conviction on December 30, 1996. On January 7, 1997, the district court granted Sheppard's motion for judgment of acquittal and sentenced him to sixty-three months' imprisonment—the high end of the guideline range —on the possession charge. Both Sheppard and the government filed timely notices of appeal.

## II. SEARCH OF 11643 EVERGREEN ROAD

■ Sheppard argues that the district court erred by failing to suppress the evidence seized after the search of the house. The district court never ruled on Sheppard's motion to suppress evidence because Sheppard withdrew the motion when the government established that Dorsey was the owner of the house. Sheppard never renewed the motion. Sheppard now raises for the first time the argument that he had a legitimate expectation of privacy in the house because

he was a "holdover tenant," in an attempt to challenge Dorsey's consent to search the property.

■ We have stated that we are "categorically without jurisdiction to hear appeals of suppression issues raised for the first time on appeal." *United States v. Yannott,* 42 F.3d 999, 1005 (6th Cir.1994) (citations omitted); *see also United States v. Scarborough,* 43 F.3d 1021, 1025 (6th Cir.1994) (stating that "[c]onstitutional objections 'that appear for the first time on appeal are conclusively deemed to be waived, with the effect that [the appellate court is] deprived of jurisdiction'" (citation omitted)). In the present case, Sheppard did not forfeit his suppression argument; he waived the argument by withdrawing his motion to suppress prior to trial.[3] Accordingly, we are without jurisdiction to consider this argument.[4]

## III. POSSESSION WITH INTENT TO DISTRIBUTE

In addressing the issue of whether there was sufficient evidence to support Sheppard's conviction for possession with intent to distribute cocaine base, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In making this determination, we view the evidence in the light most favorable to the government, resolving all inferences which may be reasonably drawn in the government's favor. *See United States v. Palomino,* 100 F.3d 446, 451 (6th Cir.1996). In

---

3. Forfeiture is the failure to timely assert a right, whereas waiver is the intentional relinquishment or abandonment of a known right. *United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (citation omitted). Plain error analysis does not apply to cases of waiver, but may be invoked in the court's discretion to review rights that were forfeited below. *See id.*

4. Even if we had jurisdiction to consider Sheppard's suppression argument, there is no evidence of plain error. Sheppard never raised the argument that he was a holdover tenant in the district court; moreover, there is no evidence to support Sheppard's assertion that he was in fact

a tenant at 11643 Evergreen. The only evidence that Sheppard sets forth in support of his argument is his own statement to Dorsey indicating that he was renting the house. In contrast, Dorsey documented his ownership of the property; Dorsey had been advised that the property was vacant; Sheppard allegedly admitted to Bunson that he was looking for a vacant house from which to distribute drugs; and the house appeared to be unsuitable for habitation. In short, there is no credible evidence that Sheppard was a tenant, nor that Dorsey's consent to search was invalid.

addition, we refrain from independently judging the credibility of witnesses or the weight of the evidence. *See United States v. Welch,* 97 F.3d 142, 148 (6th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 999, 136 L.Ed.2d 879 (1997).

■ Sheppard argues that there was insufficient evidence to support his conviction for possession with intent to distribute cocaine base, because the only evidence presented was his proximity to the cocaine. Sheppard contends that there was no evidence that he had ownership or dominion over the cocaine base, or that he was in fact distributing the cocaine base. We disagree.

The evidence at trial showed that Sheppard had been looking for a vacant house from which to sell drugs and that he was selling drugs from the house, he was seen several times at the house in which the drugs were found, he was found in the house with individually packaged rocks of cocaine base and a gun, and a large number of people were seen coming and going from the house. This evidence was sufficient for a rational trier of fact to conclude that Sheppard was guilty of possession with intent to distribute cocaine base. Accordingly, there was sufficient evidence to support Sheppard's conviction on this charge.

## IV. SECTION 924(c)

### A. Fed.R.Crim.P. 29

In its cross-appeal, the government argues that the district court erred by granting Sheppard's second motion for judgment of acquittal, filed eight months after trial. Sheppard first raised the issue of the validity of the § 924(c) count prior to trial in a motion to dismiss Count Two of the indictment pursuant to *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The motion was resolved by the government's agreement to proceed under only the "carry" prong of the statute.[5] In addition, at the close of trial, Sheppard moved for judgment of acquittal pursuant to Fed.R.Crim.P. 29 on the § 924(c) count, arguing that there was insufficient evidence that he "carried" the firearm. The district court denied the motion, and the jury convicted Sheppard on that count. Eight months later, when Sheppard appeared for sentencing, the district court expressed concern about the firearm count and Sheppard filed another motion for judgment of acquittal. On January 7, 1997, the district court granted Sheppard's motion and vacated the § 924(c) conviction. The government now argues that the district court lacked jurisdiction to entertain the motion.

■ Fed.R.Crim.P. 29(c) provides in part: If the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period....

The Supreme Court has strictly construed the time limitation set forth in Rule 29. *See Carlisle v. United States,* 517 U.S. 416, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996). In *Carlisle,* the defendant filed a motion for judgment of acquittal eight days after the jury's verdict of guilty. 517 U.S. at 418, 116 S.Ct. 1460. The district court initially denied the motion, but reversed its ruling at the time of sentencing. *See id.* The Supreme Court held that the district court did not have jurisdiction to grant an untimely motion for judgment of acquittal. *Carlisle,* 517 U.S. at 433, 116 S.Ct. 1460.

In light of the foregoing, we conclude that the district court did not have jurisdiction to consider Sheppard's untimely motion for judgment of acquittal. The district court denied Sheppard's first—and timely—motion for judgment of acquittal at the close of trial. After the jury's verdict, Sheppard neither

---

**5.** 18 U.S.C. § 924(c) provides in part that "[W]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to [consecutive] imprisonment for five years...." In *Bailey,* the Supreme Court held that to convict under § 924(c) on a "use" theory, the government must present evidence sufficient to show active employment of the firearm; it is not enough to show that the defendant merely stored a weapon near drugs. *See* 516 U.S. at 149, 116 S.Ct. 1035.

renewed his motion nor filed another motion within seven days as required by Rule 29; instead, Sheppard filed a second motion eight months later. Accordingly, the district court erred by granting Sheppard's motion for judgment of acquittal on the § 924(c) conviction outside the time-frame provided by Rule 29. Having so determined, we must now consider Sheppard's challenges to his § 924(c) conviction.

## B. Sufficiency of the Evidence

■ Sheppard contends that the evidence was insufficient to support his § 924(c) conviction. As previously stated, in considering whether the evidence was sufficient to support a conviction, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ The jury convicted Sheppard of "carrying" a firearm "during and in relation" to a drug trafficking crime pursuant to § 924(c). The Supreme Court has stated that "carry," for purposes of § 924(c), should be defined in the ordinary sense of the word. *Muscarello v. United States*, —— U.S. ——, ——, 118 S.Ct. 1911, 1915–16, 141 L.Ed.2d 111 (1998). "Carry," in the ordinary sense of the word, means to move or transport. *See id.* at 1914–15. In *Muscarello*, the Court focused on the "generally accepted contemporary meaning" of the word "carry," —— U.S. ——, 118 S.Ct. 1911, 1919–20, 141 L.Ed.2d 111, to hold that the term was not limited to the carrying of firearms on a person, but included the carrying of firearms in a trunk or locked glove compartment of a vehicle. *Id.* at 1919.

■ In this case, the ATF agents found Sheppard exiting the bathroom; they found the firearm with the cocaine in the bedroom. In arguing that Sheppard "carried" the firearm, the government relies on the fact that the firearm was found in the house; thus, Sheppard had to have "carried" the firearm to the house at some point in time. If we were to accept the government's argument, we would have to conclude that every firearm implicated in a criminal case was "carried" to the location where it was ultimately found. We decline to so extend the definition of "carry," and conclude that "carry" requires more than the fact that the defendant had, at some time previously, carried the firearm to a particular location. *See, e.g., United States v. Moore*, 76 F.3d 111, 113 (6th Cir.1996) (holding that in order to establish carrying, the government must show that defendant was in the process of transporting a firearm during and in relation to a drug trafficking crime). There is simply no evidence that Sheppard was moving or transporting the weapon in relation to a drug trafficking crime; the record merely shows that Sheppard may have possessed the firearm. Possession of a firearm is distinguishable from carrying a firearm, and is not enough to establish liability under § 924(c). *Cf. Bailey*, 516 U.S. at 149, 116 S.Ct. 501 (stating that "the inert presence of a firearm, without more, is not enough to trigger § 924(c)(1)" and "[a] defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds").

Applying the ordinary meaning of "carrying" a firearm for purposes of § 924(c) to the facts of this case, we find that no rational juror could have concluded, beyond a reasonable doubt, that Sheppard carried the firearm during and in relation to a drug trafficking crime. The firearm was merely present at the location where Sheppard was found. Accordingly, we find that there was insufficient evidence to convict Sheppard on the § 924(c) count and reverse the jury's verdict on that count. Having so decided, we need not address Sheppard's argument regarding the district court's jury instruction on the § 924(c) count.

## V. CONCLUSION

For the foregoing reasons, we **AFFIRM** Sheppard's conviction for possession with intent to distribute cocaine and **AFFIRM** the district court's dismissal of Sheppard's § 924(c) count on the basis of insufficient evidence to support that conviction.