**File Name: 05a0671n.06**
**Filed: August 5, 2005**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**Case No. 04-1884**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ROBERT EUBANKS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |

---

**Before: BATCHELDER, GIBBONS, and McKEAGUE, Circuit Judges.**

**PER CURIAM**.        A jury convicted Defendant-Appellant Robert Eubanks of one count

of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and one count

of being a felon in possession of firearms in violation of 18 U.S.C. § 922(g).  Eubanks appeals both

his conviction and sentence, presenting two claims:  (i) his statements to police and physical

evidence obtained during a search should have been suppressed; and (ii) he received ineffective

assistance of trial counsel.  For the following reasons, we affirm his conviction and sentence.


I.  BACKGROUND

Eubanks's conviction and sentence stem from an investigation undertaken by members of

the Jackson (Michigan) Narcotics Enforcement Team ("JNET") in September 2002.  JNET officials

were carrying out an annual operation named "HEMP" ("Help Eliminate Marijuana Plants").

Sergeant Richard White was flying in the JNET helicopter when he saw marijuana plants growing on property located in Summit Township. Eubanks lived in one of the houses on that property with his wife and children. Several members of Eubanks's family also lived on the property in separate dwellings.

Sergeant White notified members of the JNET ground crew, who then went to the property to investigate. When the crew members approached the property, Eubanks exited an outbuilding (also described at trial as a "shed" or "garage") and identified himself. There were several other people on the premises. Sergeant Kevin Hiller asked whether any of the individuals lived on the premises, and Eubanks responded that he did. Sergeant Hiller asked for Eubanks's "consent to search the outlying areas for any type of marijuana that was in or near his residence." Eubanks consented to the search.

While Sergeant Hiller was speaking with Eubanks, Officer Lewis Costley secured the outbuilding. Through a window he saw what appeared to him to be marijuana on a table. Officer Costley asked Eubanks if he could go inside and look around the outbuilding. Eubanks again consented.

Sergeant Hiller and Officer Christopher Boulter began to search the property where Sergeant White first saw the marijuana plants. As they were doing so, Sergeant White alerted them that someone had exited one of the dwellings and thrown a white plastic bag in a nearby doghouse. Eubanks was near the doghouse when the two men approached. The bag contained marijuana. After confirming that Eubanks was the same person seen throwing the bag in the doghouse, Sergeant Hiller took Eubanks into custody. After agreeing to speak with Sergeant Hiller, Eubanks told him that he put the bag in the doghouse because "he believed that [the officers] were going to search his

2

house anyway, so he was going to try to hide the marijuana. And he didn't want his wife to get caught up in being caught with the marijuana."

Officers then searched the outbuilding and found marijuana, drug paraphernalia, a shotgun, and a safe cemented in the floor. The safe contained a loaded handgun.

Eubanks was charged with and convicted of possession with intent to distribute marijuana and being a felon in possession of a firearm. The district court sentenced him to concurrent terms of 21 months imprisonment on the marijuana possession count and 51 months imprisonment on the felon in possession count. Eubanks appealed his conviction and sentence and filed a motion with the district court to supplement the record. The district court denied the motion.

We now consider Eubanks's claims on appeal.


## II. DISCUSSION

### A.    Suppression of Evidence Claim

Eubanks argues on appeal that the searches of the doghouse and outbuilding, as well as his arrest, violated his constitutional rights under the Fourth Amendment,[1] and therefore his statements and the physical evidence obtained from the searches should have been suppressed. Before reaching the merits of Eubanks's claim, we must first determine whether we have jurisdiction over it.

Eubanks did not file any pre-trial motions to suppress the evidence he now asserts was obtained in violation of the Fourth Amendment. Under the Federal Rules of Criminal Procedure,

---

[1]"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

motions to suppress evidence "must be raised before trial"; otherwise, any objection to admission of the evidence at trial is waived. Fed. R. Crim. P. 12(b)(3)(C), (e). "We have stated that we are 'categorically without jurisdiction to hear appeals of suppression issues raised for the first time on appeal.'" *United States v. Sheppard*, 149 F.3d 458, 461 (6th Cir. 1998) (quoting *United States v. Yannott*, 42 F.3d 999, 1005 (6th Cir. 1994) (citations omitted)); *see also United States v. Scarborough*, 43 F.3d 1021, 1025 (6th Cir. 1994) ("Constitutional objections 'that appear for the first time on appeal are conclusively deemed to be waived, with the effect that [the appellate court is] deprived of jurisdiction.'" (citation omitted)).

Given his failure to move to suppress, Eubanks has waived any objection to the admission of the evidence at trial. Accordingly, we have no jurisdiction to review his suppression claim.

B.    Ineffective Assistance of Counsel Claim

Eubanks next asserts ineffective assistance of counsel with regard to his lawyer's failure to move to suppress evidence as well as several other errors, in violation of the Sixth Amendment.[2] Generally, we do not consider ineffective assistance of counsel claims on direct appeal, as the record of a defendant's counsel's performance is not fully developed. *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005); *United States v. Crowe*, 291 F.3d 884, 886 (6th Cir. 2002); *United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995); *see also Massaro v. United States,* 538 U.S. 500, 504 (2003) ("In light of the way our system has developed, in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance."). In the rare case in which the record is fully developed, the court can elect to review the merits of the claim.

---

[2]"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

*Pierce*, 62 F.3d at 833.

This is not one of those rare cases, and therefore we decline to decide the ineffective assistance of counsel claim. If Eubanks wants to pursue this claim, he should do so in a collateral proceeding under 28 U.S.C. § 2255.[3]

### III. CONCLUSION

For the reasons set out above, we AFFIRM Defendant-Appellant Eubanks's conviction and sentence.

---

[3]While we do not reach the merits of Eubanks's claims, we do note a fundamental flaw in an argument underlying both his suppression and ineffective assistance of counsel claims. Eubanks seeks to suppress evidence found during the search of the outbuilding. As grounds, he asserts that the outbuilding is located not on his property, but separate property adjacent to his residence, and therefore he did not have authority to consent to the search. Yet, to contest a search on Fourth Amendment grounds, Eubanks must show, among other things, that he had a legitimate expectation of privacy in the area searched. *See United States v. Pollard*, 215 F.3d 643, 647-48 (6th Cir. 2000) (finding that a defendant did not have a legitimate expectation of privacy in the place searched and therefore did not have standing to seek suppression of evidence) (citing *Minnesota v. Carter*, 525 U.S. 83 (1998)); *see also Katz v. United States*, 389 U.S. 347, 351 (1967) ("[T]he Fourth Amendment protects people, not places."). If anything, Eubanks has argued the opposite – that he had no reasonable expectation of privacy in the outbuilding because he had no authority to consent to its search. A motion to suppress evidence based on this line of reasoning must fail.