[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13569
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-23517-CMA,
1:07-cr-20305-CMA-1

TRAVIS BECKLES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 5, 2014)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Travis Beckles, a federal prisoner serving a 216-month sentence for possessing a sawed-off shotgun as a convicted felon, appeals the denial of his counseled 28 U.S.C. § 2255 motion to vacate his sentence.   In his § 2255 motion, Beckles claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1 because his conviction for possession of a sawed-off shotgun was not a "crime of violence."   The district court ultimately denied the claim, citing our decision in *United States v. Hall*, 714 F.3d 1270 (11th Cir. 2013).

On appeal, Beckles acknowledges that *Hall* forecloses his claim, but contends that the case was wrongly decided.   For the following reasons, we affirm.

I.

In a § 2255 proceeding, we review questions of law *de novo*.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting *en banc* overrules that opinion.  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).

Under § 4B1.1 of the Sentencing Guidelines, a defendant who is convicted of a felony crime of violence or a controlled substance offense, and who already had two prior such convictions, is subject to an enhanced sentence for being a

2

career offender.  U.S.S.G. § 4B1.1(a).  The term "crime of violence" includes "any offense under . . . state law, punishable by imprisonment for a term exceeding one year, that . . . involves conduct that presents a serious potential risk of physical injury to another."  U.S.S.G. § 4B1.2(a).

The commentary to § 4B1.2(a) explicitly states that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'"  U.S.S.G. § 4B1.2 cmt. n. 1.  Commentary in the Sentencing Guidelines that interprets a guideline "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."  *Stinson v. United States*, 508 U.S. 36, 37, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

In *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), the Supreme Court concluded that an offense is a "violent felony" under the Armed Career Criminal Act ("ACCA") -- which defines the term using language nearly identical to the definition of "crime of violence" under U.S.S.G. § 4B1.2(a) -- only if it is "roughly similar, in kind as well as in degree of risk posed" to the ACCA's enumerated crimes of burglary of a dwelling, arson, extortion, or unlawful use of explosives.  *See Begay*, 553 U.S. at 143, 128 S.Ct. at 1585. Applying *Begay*, in *United States v. McGill*, 618 F.3d 1273 (11th Cir. 2010), we

concluded that a prior conviction for mere possession of a sawed-off shotgun, is not a "violent felony" under the ACCA.  *McGill*, 618 F.3d at 1277.

In *Hall*, we decided that possession of an unregistered sawed-off shotgun, as defined by 26 U.S.C. § 5861(d), qualifies as a "crime of violence" under § 4B1.2(a), based on the commentary to that guideline provision.  *Hall*, 714 F.3d at 1273.  We explained that the commentary was controlling over *Begay* and *McGill*, because the commentary did not violate the Constitution or a federal statute, and was not inconsistent with, or a plainly erroneous reading of, the guideline text.  *Id.* at 1273–74.

Here, Beckles's claim fails on the merits under *Hall*, and we are bound by that decision.

**AFFIRMED.**