NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0487n.06
Case No. 14-5537

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA</td><td>)</td><td rowspan="12"><strong>FILED</strong><br>Jul 06, 2015<br>DEBORAH S. HUNT, Clerk<br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY</td></tr>
</table>

UNITED STATES OF AMERICA )

Plaintiff-Appellee, )

v. )

GEORGE DARDEN, )

Defendant-Appellant. )

**FILED**
Jul 06, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

O R D E R

BEFORE: SUTTON and DONALD, Circuit Judges; ZOUHARY, District Judge.[*]

PER CURIAM. George Darden received a career offender enhancement under United States Sentencing Guideline § 4B1.1. At issue is whether one of Darden's previous convictions qualifies as a "crime of violence" under the residual clause of § 4B1.2(a)(2). *See* Appellee's Br. 7. In *Johnson v. United States*, No. 13-7120 (U.S. June 26, 2015) (slip op. at 10, 15), the Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act is void for vagueness. *Compare* U.S.S.G. § 4B1.2(a)(2) *with* 18 U.S.C. § 924(e)(2)(B)(ii). We have previously interpreted both residual clauses identically, *see United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009); *United States v. Houston*, 187 F.3d 593, 594–95 (6th Cir.

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1999), and Darden deserves the same relief as Johnson:  the vacating of his sentence.  Indeed, after *Johnson*, the Supreme Court vacated the sentences of offenders who were sentenced under the Guidelines' residual clause.  *United States v. Maldonado*, 581 F. App'x 19, 22–23 (2d Cir. 2014), *vacated*, 576 U.S. __ (2015); *Beckles v. United States*, 579 F. App'x 833, 833–34 (11th Cir. 2014), *vacated*, 576 U.S. __ (2015).  The same relief is appropriate here.

For these reasons, we vacate the judgment and remand for reconsideration in light of *Johnson v. United States*.