NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  15a0509n.06

Case Nos. 14-3956/3964

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="12"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>DESEAN R. HARBIN,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
Jul 20, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O R D E R

Before:  SILER, COOK, and WHITE, Circuit Judges.

PER CURIAM.  At Desean Harbin's sentencing, the district court applied the career offender enhancement, USSG § 4B1.1.  The issue before this court is whether Harbin's prior burglary conviction constitutes a "crime of violence" under the residual clause of the career offender enhancement, USSG § 4B1.2(a)(2).  In *Johnson v. United States*, No. 13-7120, 2015 WL 2473450, at *4–5 (U.S. June 26, 2015), the Supreme Court held that the identically worded residual clause of the Armed Career Criminal Act (ACCA) is void for vagueness.  *Compare* USSG § 4B1.2(a)(2), *with* 18 U.S.C. § 924(e)(2)(B)(ii).  We have interpreted both residual clauses identically.  *See United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009); *United States v. Houston*, 187 F.3d 593, 594–95 (6th Cir. 1999).  Following *Johnson*, the Supreme Court has vacated the sentences of offenders who were sentenced under the residual clause of the Sentencing Guidelines.  *See United States v. Maldonado*, 581 F. App'x 19, 22–23 (2d Cir. 2014),

*vacated*, No. 14-7445, 2015 WL 2473524, at *1 (U.S. June 30, 2015); *Beckles v. United States*, 579 F. App'x 833, 833–34 (11th Cir. 2014), *vacated*, No. 14-7390, 2015 WL 2473527, at *1 (U.S. June 30, 2015); *see also Wynn v. United States*, No 14-9634, 2015 WL 2095652, at *1 (U.S. June 30, 2015) (vacating a Sixth Circuit order, which denied habeas relief based on a predicate offense qualifying under the residual clause of the career offender enhancement). Accordingly, Harbin is entitled to the same relief as offenders sentenced under the residual clause of the ACCA. *See United States v. Darden*, No. 14-5537 (6th Cir. Jul. 6, 2015) (per curiam).

For these reasons, we vacate the judgment of the district court and remand for reconsideration in light of *Johnson*.