UNITED STATES of America,
Plaintiff–Appellee,

v.

Ryan MALONE, Defendant–Appellant.

No. 15–3765.

United States Court of Appeals,
Sixth Circuit.

April 27, 2016.

BEFORE: KETHLEDGE and WHITE, Circuit Judges; COHN, District Judge.*

COHN, District Judge.

This is a criminal case. Defendant–Appellant Ryan Malone ("Malone") appeals from a 120–month sentence imposed following his guilty plea to felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). He presents two issues regarding the guidelines calculation reflected in the record at sentencing. First, he says his base offense level was improperly scored because one of the predicate offenses is not a "crime of violence" under U.S.S.G. § 2K2.1(a)(2). Second, he says his offense level was improperly enhanced under U.S.S.G. § 2K2.1(b)(6)(B) for pos-

* The Honorable Avern Cohn, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

sessing a firearm in connection with another felony. For the reasons that follow, a remand is appropriate for resentencing on the first issue in light of *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Malone has waived his right to review of the second issue.

## I.

On November 4, 2014, Cleveland police arrested Malone in connection with an investigation into an armed kidnapping and assault that took place the day before. The police traced cell phone calls to a residence where they observed Malone exiting the residence and entering a vehicle. The police stopped the vehicle and placed Malone and co-defendant Virgil Cooper ("Cooper") under arrest without incident. During the pat-down of Malone, police found a loaded Glock handgun in his waistband. During the pat-down of Cooper, police found a loaded Firestorm handgun in his waistband. A police report stated that the firearm found on Malone had been stolen. State charges were filed against Malone relating to the kidnapping and assault.

Subsequently, Malone was charged in a federal indictment with one count of being a felon in possession of a firearm and ammunition. Malone pled guilty without a plea agreement.

The presentence report ("PSR") recommended a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because Malone had two prior convictions: (1) a 2004 Ohio conviction for aggravated burglary which constitutes a crime of violence; and (2) a 2006 state drug-trafficking offense which constitutes a controlled-substance offense. The PSR also applied two enhancements: (1) a two-level enhancement for a stolen firearm under U.S.S.G. § 2K2.1(b)(4); and (2) a four-level enhancement for possession of a firearm in connection to another felony

offense under U.S.S.G. § 2K2.1(b)(6)(B). The four-level enhancement related to then-pending kidnapping, abduction, and felonious assault charges filed against Malone in state court. Malone also received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. This produced an Offense Level of 27 under the guidelines. His criminal history placed him in Category VI. Based on these scores, Malone's advisory guideline range was 130–162 months. However, the guideline range was trumped by the statutory maximum of 120 months under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). Malone objected to the PSR's four-level enhancement. However, in a subsequent sentencing memorandum, Malone withdrew the objection and instead argued for a sentence below the statutory maximum. In his sentencing memorandum, he acknowledged that "the possession of the firearm in the underlying state case ... constituted 'relevant conduct.'" (R. 55: Malone Sentencing Memo., PageID 259). Malone then argued that "because possession of the firearm in the underlying state case ... constituted 'relevant conduct' to the instant offense, the Sentencing Guidelines are clear that [the district] [c]ourt shall order the sentence for the instant offense to run concurrently to the anticipated state sentence." (*Id.,* PageID 260).

At sentencing, the district court noted that neither party had any objections to the final PSR. The district court specifically noted that Malone had withdrawn his previously filed objection.

After reviewing the PSR and considering the factors under 18 U.S.C. § 3553(a), the district court imposed a sentence of 120 months. After imposing the sentence, the district court asked for objections to the proceedings or sentence imposed. Defense counsel objected to the imposition of the maximum sentence but had no other

objections to the proceedings. The district court also gave Malone credit for time served and made the sentence concurrent to a sentence in the pending state case, followed by a three-year term of supervised release.

## II.

### A.

This court reviews de novo the district court's application of the sentencing guidelines to a particular set of facts. *United States v. Winbush,* 296 F.3d 442, 443 (6th Cir.2002); *see also United States v. McCarty,* 628 F.3d 284, 289 (6th Cir.2010). The government has the burden of proving aggravating factors (enhancements) under the sentencing guidelines by a preponderance of the evidence. *United States v. Ledezma,* 26 F.3d, 636, 644 (6th Cir.1994). This court "reviews a district court's sentence for reasonableness." *United States v. Tristan–Madrigal,* 601 F.3d 629, 632 (6th Cir.2010). We should not disturb a district court's sentencing determination unless it constitutes an abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This deferential standard normally controls review of both the procedural and substantive reasonableness of a sentence. *Id.; see also United States v. Rossi,* 422 Fed.Appx. 425, 427 (6th Cir.2011). Within the abuse-of-discretion framework, this court reviews factual findings for clear error and legal conclusions de novo. *United States v. Hazelwood,* 398 F.3d 792, 795 (6th Cir.2005). We first consider whether there was procedural error before turning to the substantive reasonableness of the challenged sentence. *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

In the absence of objections, we review only for plain error. *United States v. Vonner,* 516 F.3d 382, 385–86 (6th Cir.

2008) (*en banc*). "To show plain error, a defendant must show (1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wallace,* 597 F.3d 794, 802 (6th Cir.2010).

### B.

Malone first says that his base offense level was improperly scored. Guideline § 2K2.1 governs the base offense level for violations of 18 U.S.C. § 922(g)(1). *See* § 2K2.1, cmt. n. 1 (defining "crime of violence" under the career offender guideline, § 4B1.2). A defendant's base offense level rises to 24 if the defendant committed the offense after "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). At issue is whether Malone's prior conviction for aggravated burglary qualifies as a "crime of violence." The definition of "crime of violence" under the guidelines is similar, although not identical, to that of "violent felony" under the Armed Career Criminal Act ("ACCA"). *Compare* U.S.S.G. § 4B1.2(a), *with* 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States,* — U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Id.* at 2561, 2563. Because this court has previously interpreted the residual clauses of the ACCA and § 4B1.2(a)(2) identically, we have vacated sentences of offenders sentenced pursuant to the residual clause of § 4B1.2(a)(2) and remanded for reconsideration in light of *Johnson.* *See,* :*e.g., United States v. Binford,* 818 F.3d 261, 274 (6th Cir.2016); *United States v. Harbin,* 610 Fed.Appx. 562, 563 (6th Cir.2015); *United States v. Darden,* 605 Fed.Appx. 545, 546 (6th Cir.2015).

Here, the government concedes that Malone's prior aggravated burglary conviction under Ohio Revised Code § 2911.11(A)(2) was classified as a "crime of violence" under § 4B1.2(a)(2)'s residual clause and that Malone's sentence should be vacated. Thus, the government concedes that the district court committed plain error in applying an increased base offense level under § 2K2.1(a)(2). Accordingly, we vacate the judgment and remand for reconsideration in light of *Johnson.*

## C.

 Malone also contends that his base offense level was improperly enhanced four levels under U.S.S.G. § 2K2.1(b)(6)(B) for using or possessing a firearm in connection with other felony offenses. The government says that because Malone withdrew his objection to this enhancement, this issue is waived. We agree with the government.

We will not review an issue on appeal that has been waived. *United States v. Sheppard,* 149 F.3d 458, 461 (6th Cir.1998). A waiver occurs when a party deliberately raises an issue but later decides not to pursue it. *Id.; see also United States v. Denkins,* 367 F.3d 537, 543 (6th Cir.2004) (finding waiver where "[h]aving expressly raised this issue," the party "then proceeded to abandon it"). A waiver is distinct from a forfeiture: "Forfeiture is the failure to timely assert a right, whereas waiver is the intentional relinquishment or abandonment of a known right." *Sheppard,* 149 F.3d at 461 n. 3. When a defendant files an objection to a presentence report but later withdraws it, the defendant abandons the issue reflected in the objection and "waives any right of appeal on that issue." *Denkins,* 367 F.3d at 544. In such circumstances, the challenge "cannot be resurrected on [ ] appeal." *Id.* (quoting *United States v. Saucedo,* 226

F.3d 782, 787 (6th Cir.2000)). Plain error review does not apply where there is waiver. *Sheppard,* 149 F.3d at 461 n. 3.

Here, the record shows Malone waived his challenge to the four-level enhancement. Although Malone initially objected to the PSR before sentencing, he withdrew the objection in his sentencing memorandum. He confirmed the withdrawal at sentencing, opting to argue instead for a sentence to run concurrently with a state sentence. In light of Malone's waiver, we lack jurisdiction to review the application of the four-level enhancement.

## III.

For the reasons stated above, we VACATE and REMAND for resentencing consistent with this opinion.