**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN MICAH SHANE,

    Defendant - Appellant.

No. 17-6156
(D.C. Nos. 5:16-CV-00690-C and
5:13-CR-00061-C-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Steven Micah Shane appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate and correct his sentence. We construe his notice of appeal as a request for a certificate of appealability. *See* Fed. R. App. P. 22(b)(2). Because Shane's claims are foreclosed by clear precedent, we deny a certificate of appealability.

**BACKGROUND**

In May 2013, Shane pleaded guilty to possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 1), and to being a

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1) (Count 2). In the

Presentence Investigation Report (PSR), the probation officer recommended that

Shane be sentenced on Count 1 as a career offender under U.S.S.G. § 4B1.1(b)(2),

because the instant offense was a qualifying controlled-substance offense and Shane

had at least two prior crime-of-violence or controlled-substance convictions. On

Count 2, the probation officer recommended that Shane be sentenced under the

Armed Career Criminal Act, *see* 18 U.S.C. § 924(e), because he had a combination of

at least three prior violent-felony or serious drug offense convictions. The predicate

offenses for the career-offender and ACCA enhancements were: (1) assault and

battery with a dangerous weapon in Oklahoma, (2) assault and battery with a

dangerous weapon with intent to injure in Oklahoma, and (3) assault and battery with

a dangerous weapon in Oklahoma.

The PSR calculated Shane's total offense level at 34,[1] which combined with

his category VI criminal history, resulted in a guideline range of 262 to 327 months.

The district court granted a three-level reduction for acceptance of responsibility,

resulting in a total offense level of 31 and a guideline range of 188 to 235 months. In

October 2013, the district court sentenced Shane to 200 months' imprisonment on

Count 1 and 200 months' imprisonment on Count 2, to run concurrently.

In June 2016, after the Supreme Court invalidated the residual clause of the

ACCA in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Shane filed a motion

---

[1] Shane's total offense level was 34 under both U.S.S.G. § 4B1.1(b)(2) and U.S.S.G. § 4B1.4.

2

under 28 U.S.C. § 2255 to vacate and correct his sentence. Without the ACCA's residual clause, Shane argued that his sentence violated due process because his three previous convictions for assault and battery with a dangerous weapon did not qualify as violent felonies under the statute. Further, Shane argued that the Guideline's residual clause was void and his previous convictions should not qualify as crimes of violence under the Guidelines. The district court appointed counsel to represent Shane on his § 2255 motion. Shane filed a supplement to his § 2255 motion. And the government filed a response, which included a request to abate proceedings pending the Supreme Court's decision in *Beckles v. United States*, 579 F. App'x 833 (11th Cir. 2014), *cert. granted*, 84 U.S.L.W. 3694 (U.S. June 27, 2016) (No. 15-8544). The district court stayed proceedings pending the Supreme Court's decision.

In March 2017, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). The Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890. Soon after, the district court denied Shane's § 2255 motion, concluding that *Beckles* precluded Shane's challenge to his sentence under the career offender guideline and that his prior convictions qualified as crimes of violence under the ACCA's elements clause.[2]

---

[2] The record doesn't reveal whether the district court originally determined Shane's previous convictions qualified as predicate offenses under the ACCA's residual clause or instead under the elements clause. But in evaluating Shane's § 2255 petition, the court concluded that the three state felonies qualified as violent felonies under 18 U.S.C. § 924(e)(2)(B)(i)'s elements clause. *United States v. Shane*, No. 5:16-CV-00690-C, slip op. at 2–3 (citing *United States v. Mitchell*, 653 F. App'x

3

Shane appealed. After Shane filed a notice of appeal, the district court denied a certificate of appealability, concluding that his claims were foreclosed by clear precedent.

On appeal, appointed counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that counsel had found nothing in the record to support a grant of a certificate of appealability or the relief requested in Shane's § 2255 motion. Counsel simultaneously filed a motion to withdraw on the basis that he could not identify any non-frivolous issues. After a full examination of the proceedings, we conclude the case is wholly frivolous and grant counsel's motion to withdraw and dismiss the appeal.

## DISCUSSION

A criminal defendant must obtain a certificate of appealability to appeal denial of relief under § 2255. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because clear precedent now

639 (10th Cir. 2016) (unpublished) and *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016)).

4

precludes both Shane's arguments, reasonable jurists could not debate whether the issue should have been resolved differently.

Shane's argument that the Guideline's residual clause violates due process is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Court held that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause." *Id.* at 890. And the residual clause in § 4B1.2(a)(2) is not void for vagueness. *Id.* at 892. The Court reasoned that the Guidelines were not subject to vagueness challenges because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Here, the district court sentenced Shane after the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 245 (2005), which rendered the Guidelines "effectively advisory." The Guidelines were applied to Shane in an advisory manner. So Shane cannot challenge his career-offender status on the grounds that the Guideline's residual clause is unconstitutionally vague.

Shane's argument that his prior convictions do not qualify as predicate offenses under the ACCA without the now-void residual clause also fails. Our precedent establishes that Shane's convictions are violent felonies under the ACCA's elements clause.

For all three of Shane's predicate offenses, he was convicted under Okla. Stat. tit. 21, § 645. At the time of Shane's first two convictions, in 2003 and 2005, the statute provided that:

5

> Every person who, with intent to do bodily harm and without justifiable or excusable cause, commits any assault, battery, or assault and battery upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without the intent to kill such person or to commit any felony, upon conviction is guilty of a felony punishable by imprisonment in the penitentiary not exceeding ten (10) years, or by imprisonment in a county jail not exceeding one (1) year.

Okla. Stat. tit. 21, § 645 (1999). Shane's third conviction, in 2009, was under a later version of the statute that included a "conductive energy weapon" as another example of a dangerous weapon. Okla. Stat. tit. 21, § 645 (2006).

In *United States v. Taylor*, 843 F.3d 1215 (10th Cir. 2016), we addressed whether Okla. Stat. tit. 21, § 645, the statute Shane was convicted under, satisfied the elements clause of U.S.S.G. § 4B1.2(a)(1).[3] And we concluded that "the use of a 'dangerous weapon' during an assault or battery always 'constitutes a sufficient threat of force to satisfy the elements clause' of § 4B1.2(a)(1)." *Id.* at 1224–25 (quoting *United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. 2016)). Because our precedent establishes that Shane's previous convictions qualify as violent felonies without the ACCA's now-void residual clause, his arguments to the contrary are unavailing.

---

[3] Though *Taylor* addressed whether Okla. Stat. tit. 21, § 645 satisfies the elements clause of the Guidelines, not the ACCA, "the nearly identical language in those two provisions allows us to consider precedent involving one in construing the other." *United States v. McConnell*, 605 F.3d 822, 828 (10th Cir. 2010).

## CONCLUSION

For these reasons, we deny a certificate of appealability, dismiss the appeal, and grant counsel's motion to withdraw.

Entered for the Court

Gregory A. Phillips
Circuit Judge